68815. SENTRY ENGINEERING & CONSTRUCTION, INC. v. AMERICAN OLEAN TILE COMPANY.
(324 SE2d 591)

CARLEY, Judge.

Appellee American Olean Tile Company, Inc. brought an action on account against appellant Sentry Engineering & Construction, Inc. seeking to recover the balance due for materials sold to C. A. Newman. Following a non-jury trial, judgment was entered in favor of appellee. Appellant appeals.

1. Asserting that there was no evidence of record to demonstrate an obligation to pay for materials purchased by C. A. Newman, appellant enumerates as error the denial of its motion for involuntary dismissal pursuant to OCGA § 9-11-41 (b).

The evidence shows the following: Appellant was the general contractor for the Windswept construction project. Appellant entered into an agreement with C. A. Newman whereby Newman agreed to install tile in the buildings of that construction project. Subsequently, Newman contacted appellee in order to purchase on credit the tile needed for the project. However, following an investigation of Newman, appellee determined that Newman's financial situation was such that he did not qualify to purchase the tile on credit, and requested the name of the general contractor of the project. An investigation of appellant's credit-worthiness was made by appellee. Appellee then contacted appellant and asked that appellant enter into a "General Contractor's Agreement" whereby appellant would agree to the terms of the sale of the tile. Appellant refused to enter into such an agreement. Instead, appellant wrote a letter to appellee, stating: "Sentry Engineering & Construction Inc. will make joint checks payable to American Olean Tile Co. and C. A. Newman for tile furnished for Windswept — Phase 1."

Two shipments of tile were delivered to the construction site. The invoices for the materials identified C. A. Newman as the purchaser. While an agent of appellant signed receipts evidencing delivery of the materials to the job site, it is undisputed that the materials were immediately turned over to Newman. Following the first shipment, appellant issued a check made payable jointly to C. A. Newman and appellee. Sometime after the second shipment of tile, a dispute arose between appellant and Newman. Newman walked off the job, and took the unused tile from the second shipment with him.

Appellant was forced to purchase additional tile to complete the job. Appellant issued no further checks made payable to Newman.

Based upon a complete review of the record, we find no documentary evidence to support a finding that appellant agreed to purchase the materials from appellee. The undisputed evidence shows that when contacted by appellee concerning Newman's order for materials, appellant would not execute appellee's "General Contractor's Agreement" which agreement would have specifically obligated appellant to pay for all materials supplied by appellee to the job. Instead, appellant agreed only to "make joint checks payable" to its subcontractor and appellee for tile furnished for Windswept. Subsequent to the delivery of the first shipment of tile, appellant issued a check to Newman and appellee jointly, in accordance with that letter agreement. Subsequent to the second delivery, appellant's subcontractor left the job and took the tiles, and no check was issued to the subcontractor on which appellee would otherwise have been a joint payee.

The language of the letter agreement upon which appellee relies to assert appellant's liability is clear and unambiguous. Where the language of such an agreement is plain and unambiguous, it must be afforded its literal meaning. *R. S. Helms, Inc. v. GST Dev. Co.*, 135 Ga. App. 845 (219 SE2d 458) (1975). The letter does not evidence any agreement by appellant to purchase the tile that appellee delivered to the construction site, but merely provides that appellant would issue checks jointly payable to its subcontractor and appellee. Therefore, reliance upon the letter agreement as evidence of appellant's independent agreement to pay appellee for the tile is misplaced.

2. At trial, appellee's agent testified that appellant "agreed to pay" for the materials purchased by Newman. Appellee asserts on appeal that this evidence is sufficient to support the trial court's judgment.

It has long been the law of this state that the parol evidence rule prohibits the consideration of evidence of a prior or contemporaneous oral agreement to alter, vary or change the unambiguous terms of a written contract. *Dolanson Co. v. C. & S. Nat. Bank*, 242 Ga. 681, 683 (251 SE2d 274) (1978). See also *R. S. Helms, Inc. v. GST Dev. Co.*, supra; *Village Enterprises v. Ga. R. Bank &c. Co.*, 117 Ga. App. 773 (161 SE2d 901) (1968). It is clear that the witness' testimony was either simply appellee's interpretation of the letter agreement, or evidence of an alleged contemporaneous agreement at variance with the clear terms of the agreement. As either, under the parol evidence rule, the testimony may not be considered.

Moreover, we do not find that the testimony at issue constituted evidence of an independent and complete contract within itself, which would not come within the parol evidence rule. See *Taylor Freezer*

*Sales Co. v. Hydrick*, 138 Ga. App. 738, 741 (227 SE2d 494) (1976). As stated above, it is clear that the testimony was not offered to prove a separate contract, but was offered, at best, to prove that the parties contemplated something other than what was actually provided for in the letter agreement.

3. Accordingly, the evidence introduced before the trial court did not establish any agreement by appellant to pay for materials purchased from appellee. While we recognize that in some instances contractors do undertake or guarantee the debts of their subcontractors, there was no evidence that appellant did so in the instant case. Instead, appellant merely agreed in a letter to make checks jointly payable to Newman and appellee for materials furnished to the construction site. While the letter agreement did, in fact, give appellee control over such funds as were actually paid by appellant to Newman, it did not evidence an independent agreement by appellant to pay the debts owed by Newman to appellee.

The trial court erred in denying appellant's motion for involuntary dismissal pursuant to OCGA § 9-11-41 (b).

*Judgment reversed. Beasley, J., concurs. Birdsong, P. J., concurs in the judgment only.*

DECIDED NOVEMBER 28, 1984.

*A. J. Block, Jr., Paul R. Jordan*, for appellant.
*H. William Cohen, Susan L. Howick*, for appellee.