70298. ISAACSON et al. v. CARBO et al.
(336 SE2d 373)

SOGNIER, Judge.

Herschel Isaacson and Lawrence Freeman brought suit against Leroy Carbo and Julio Hernandez to recover the balance on two

promissory notes allegedly due and payable in full. The trial court granted summary judgment in favor of Carbo and Hernandez. Isaacson and Freeman appeal.

Appellees purchased improved property in DeKalb County from appellants. In partial payment for the property, each appellee executed to appellants a promissory note secured by a deed to secure debt on the subject property. The promissory notes and the security deeds were consistent with the sales contract which set forth the specific terms for the notes, listing the amount, the interest rate, the terms (180 consecutive monthly payments), the due date of each monthly payment, and the amount of the monthly payment. Appellants, in their affidavits and pleadings, contend that prior to or contemporaneously with the execution of the documents the parties entered into an oral agreement whereby the remaining principal balance of the notes would be due and payable in full to appellants upon sale of the subject property by appellees to another. Nothing to this effect is contained in the express written language of the documents executed by the parties. Appellants assert that this alleged oral agreement was an integral part of their decision to enter into the original contract.

Appellants contend the trial court erred by granting summary judgment in favor of appellees because genuine issues of material fact exist as to appellants' rights pursuant to the oral agreement. We do not agree. "It has long been the law of this state that the parol evidence rule prohibits the consideration of evidence of a prior or contemporaneous oral agreement to alter, vary or change the unambiguous terms of a written contract. [Cits.]" *Sentry Engineering & Co. v. American Olean Tile Co.*, 172 Ga. App. 769, 770 (2) (324 SE2d 591) (1984). The written documents executed by the parties here provided a complete and unambiguous method for the repayment of the financed sum. Appellants' alleged oral agreement would alter the terms of the written documents by adding an alternative method of repayment superseding the express and complete terms of the written contract. Consideration of this evidence concerning the oral agreement was thus prohibited by the parol evidence rule. The trial court therefore correctly granted summary judgment in favor of appellees.

We note that appellants' complaint asserts that the alleged oral agreement was a materially false misrepresentation by appellees which induced appellants to enter into the original contract. The sales contract contained the stipulation that "[t]his contract constitutes the sole and entire agreement between the parties hereto and no modification of this contract shall be binding unless attached hereto and signed by all parties to this agreement. No representation, promise, or inducement not included in this contract shall be binding upon any party hereto." Although the sales contract here merged into the se-

curity deeds and promissory notes executed by the parties, see *Augusta Land Co. v. Augusta R. &c. Co.,* 140 Ga. 519, 522 (1) (79 SE 138) (1913), those documents incorporated exactly the terms of the sales contract. Because appellants allege no fraud which kept them from knowing the contents of the written documents when they signed, they are precluded from setting up fraud in the contract through such representations. *Spires v. Relco, Inc.,* 165 Ga. App. 4, 5-6 (2) (299 SE2d 58) (1983).

In view of our holding above, it is not necessary to address appellants' remaining enumerations of error.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED OCTOBER 22, 1985.

*L. Robert Isaacson,* for appellants.
*Gary M. Goldsmith,* for appellees.