### 71456. MILLWOOD MOULDINGS, INC. v. WILSON.
(338 SE2d 60)

BANKE, Chief Judge.

In October of 1983, plaintiff Doane ("Spike") Wilson and defendant Millwood Mouldings, Inc., (Millwood) entered into an arrangement whereby Millwood provided Wilson with an office, the use of a telephone, and the use of a secretary, in return for Wilson's solicitation of orders for Millwood's products. Wilson otherwise paid his own expenses, and he was reimbursed on a commission only basis. In March of 1984, the parties entered into a written agreement providing as follows:

"ALL ORDERS WRITTEN AT A 30% PROFIT WILL BE PAID ON A 5% COMMISSION BASIS.

"ALL ORDERS WRITTEN AT A 50% PROFIT WILL BE PAID ON A 10% COMMISSION BASIS.

"ALL ORDERS WRITTEN THAT FALL BETWEEN THE 30% AND 50% PROFIT MARGIN WILL BE PRO-RATED.

"ANYTHING LESS THAN THE 30% COMMISSION WILL BE NEGOTIABLE."

Wilson contends that, pursuant to this agreement, commissions were earned at the time Millwood accepted the written orders solicited by him and were to be computed on the basis of gross sales. Millwood, on the other hand, contends that, while Wilson was to be paid advance commissions based on a percentage of gross sales, his actual commissions were to be based on net profits, it being contemplated that the payments to him were to be periodically adjusted accordingly.

Wilson sued Millwood to recover the commissions allegedly owed him for the months of May through August of 1984, as well as to recover for the alleged conversion of commissions previously paid to him but later deducted by Millwood from other monies due him. Al-

leging that Wilson had received advance payments in excess of commissions actually earned, Millwood counterclaimed to recover such excess payments, and also asserted additional counterclaims based on breach of contract and breach of fiduciary duty. Millwood appeals an award of partial summary judgment to Wilson in which the trial court (1) concluded that Wilson's commissions were definite as to amount and earned at the time Millwood accepted the written orders, and (2) dismissed the portion of Millwood's counterclaim asserting breach of fiduciary duty. *Held*:

1. The construction of a contract is, in the first instance, a question of law to be determined by the trial court. See generally OCGA § 13-2-1; *American Cyanamid Co. v. Ring*, 248 Ga. 673 (286 SE2d 1) (1982). When the language of an agreement is clear and unambiguous, it must be afforded its literal meaning. See OCGA § 13-2-2 (2); *Sentry Engineering &c., Inc. v. American Olean Tile Co.*, 172 Ga. App. 769 (1) (324 SE2d 591) (1984). However, when ambiguities exist which cannot be resolved by the trial court, upon application of all pertinent rules of construction, the intention of the parties becomes an issue of fact for the jury to resolve. *American Cyanamid Co. v. Ring*, supra. See also *American Cas. Co. v. Crain-Daly Volkswagen*, 129 Ga. App. 576 (2) (200 SE2d 281) (1973).

In the present case, the written agreement does not purport to explain how or when the profits on which the commissions were based were to be determined. Consequently, we hold that the intention of the parties cannot be determined from the document as a matter of law and that the trial court erred in ruling that Wilson's commissions were definite as to amount and earned at the time Millwood accepted written orders. Accordingly, the award of partial summary judgment to Wilson in this regard was error.

2. Millwood's counterclaim for breach of fiduciary duty was based on allegations that Wilson had provided inaccurate information with regard to certain accounts, had refused to follow up on and service certain accounts, and had not made a good-faith effort to perform his duties. Although proof of such allegations might support a recovery based on breach of contract, such proof would establish neither the breach nor the existence of any fiduciary duty. See generally *Koch v. Cochran*, 251 Ga. 559 (307 SE2d 918) (1983); *Vinson v. E. W. Buschman Co.*, 172 Ga. App. 306 (1) (323 SE2d 204) (1984). Accordingly, the trial court did not err in dismissing this portion of Millwood's counterclaim.

3. Wilson's motion for damages for frivolous appeal is necessarily denied, in view of our holding in Division 1 of this opinion.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 14, 1985.

*Gregory T. Presmanes, Victor D. Schwieger*, for appellant.
*Betty S. Smith*, for appellee.