75565. CHASE & ASSOCIATES, INC. v. G S & M COMPANY.
(363 SE2d 19)

DEEN, Presiding Judge.

We granted an interlocutory appeal to determine whether the Houston County Superior Court erred in denying summary judgment to appellant Chase & Associates (Chase) on the issue of a 10 percent commission allegedly due to Chase under an exclusive listing contract for the sale of real property, known as the "Law & Finance Plaza," owned by appellee G S & M Company. Appellant asserts that, under the terms of the contract, there is no genuine issue of material fact in the case and that, as a matter of law, the commission was due and payable as expressly provided in the listing agreement.

According to the record, before entering into the contract at issue here, the parties had previously entered into two exclusive listing contracts identical to the one involved in the case at bar. Annexed to each of the first two contracts was an addendum providing that the 10 percent commission would not be due Chase if, during the term of the contract, G S & M were to sell the property to any of some half-dozen specifically named parties with whom G S & M had discussed possible sale of the property prior to execution of the first exclusive listing contract.[1] The third contract (the one at issue here) was identi-

---

[1] The addendum by its terms applied not only to Law & Finance Plaza, the property involved here, but also to a second property owned by G S & M; the latter, however, is irrelevant to the case at bar. Added to the addendum annexed to the second listing contract was the handwritten statement: "G S & M agree to pay Chase & Associates a minimum of 1 percent if sold by them." This provision is not at issue in the case *sub judice*.

cal to the first two but had no addendum of any sort annexed. Mrs. Lutwin, G S & M's president, testified by deposition that she had been aware at the time of signing that no addendum was attached, but that she was under "duress" of the threat of imminent foreclosure if the property were not sold promptly, and made no inquiry or comment regarding the omission from the copy of the contract signed by her at her home in New York and mailed back to Chase.

The Law and Finance Plaza property was sold by G S & M to purchasers not listed in either addendum; no commission was paid. Chase brought an action to enforce the commission provision of the listing agreement and, upon being denied summary judgment, appealed to this court, alleging that the contract was clear and unambiguous and that the trial court therefore erred in denying its motion for summary judgment. *Held*:

Our scrutiny of the record indicates that the third exclusive listing contract, during the term of which G S & M sold the subject property, is complete, clear, and unambiguous. Looking to the four corners of the document as well as to each separate provision, we find nothing to suggest that, as appellee contends, the addendum to the first two listing contracts constituted a separate and continuing contract which would survive the exclusive listing agreements, *Hardin v. Great Northern Nekoosa Corp.*, 237 Ga. 594 (229 SE2d 317) (1976); nor do we find any evidence of consideration for such a separate and continuing contract. OCGA § 13-3-40. We agree with appellant, moreover, that even if, *arguendo*, such an independent continuing contract existed, the parties who actually purchased the Law and Finance Plaza property were not among those specifically listed in the addendum as being excluded from the commission provisions of the listing agreements. We agree further with appellant that the parol evidence rule precludes the interpolation into the third listing agreement of any terms other than those which appear on the face of the document. OCGA §§ 13-2-2; 24-6-1; *Isaacson v. Carbo*, 176 Ga. App. 514 (336 SE2d 373) (1985); *Sentry Engineering &c. Co. v. American Olean Tile Co.*, 172 Ga. App. 769 (324 SE2d 591) (1984). We conclude, therefore, that despite conflicting contentions, there was no genuine issue of material fact raised in the court below and that that court erred in denying summary judgment to appellant. OCGA § 9-11-56 (c), (e). The case must be remanded for entry of judgment consistent with the above.

*Judgment reversed and case remanded with direction. Birdsong, C. J., and Pope, J., concur.*

DECIDED OCTOBER 20, 1987 —
REHEARING DENIED NOVEMBER 5, 1987 — 

*Lawrence C. Walker, Jr., Michael G. Gray*, for appellant.
*Samuel H. Harrison, G. Hughel Harrison*, for appellee.