A90A1278. BRONNER BROTHERS MANUFACTURING, INC. et al. v. RUSSELL et al.
(397 SE2d 172)

BIRDSONG, Judge.

Bronner Brothers Manufacturing, Inc. et al. appeal the jury verdict awarding plaintiffs Ray Russell and E.C. Culpepper, Inc., $22,500 for sales commissions, and attorney fees, in Russell's breach of employment contract suit. In eight enumerations of error, appellants Bronner Brothers complain that the pertinent commissions provision in the contract was ambiguous, and thus parol evidence should have been allowed to explain the intended meaning of the provision and the circumstances surrounding its execution, and the jury should have been charged the law regarding construction of ambiguous contracts

against the drawer. *Held*:

Appellants' enumerations of error are argued in concert, involving as they do the same bone of contention; and, we will answer in like form.

The provisions at issue state that in addition to $25,000 salary, Russell was "to be paid thusly: *3% on all orders personally generated* by [Russell]; *2% on all orders generated other than personally initiated* by [Russell] not to exceed $25,000 during fiscal year of agreement." (Emphasis supplied.)

Appellant Bronner insists the provision allowing 2 percent on "all orders generated other than personally initiated by [Russell]" is thoroughly ambiguous, and that in addition to allowing extraneous exploration, the trial court should have allowed a comma to be inserted following the word "personally." The provision would thus read: "2% on all orders generated other than personally, initiated by [Russell]." We agree with the trial court that to insert a comma in that spot, in addition to arbitrarily rewriting the contract, would create nonsense, and make ambiguous what was not.

The contract provision is not ambiguous. It clearly means that Russell was to get 3 percent on all orders personally initiated by him, and 2 percent on *all orders other than those personally initiated by him*, up to the maximum allowed for commissions. Evidently this latter phrase results in Russell getting 2 percent of all orders generated by the company, regardless whether he had anything to do with initiating them. This construction is what Bronner Brothers finds offensive, and we concede it is not a brilliant specimen of draftsmanship, but it is not clearly ambiguous and Bronner Brothers has failed to point out what harm has been done by it. It is undisputed on appeal that Russell's commissions were not to exceed $25,000, because the company would not pay more than $50,000 compensation total (salary and commission). But, the award given by the jury is well within this $25,000 limit on commissions, and appellant Bronner has failed utterly to show that a particular lesser commission would have resulted if some other construction were allowed.

In fact, Bronner Brothers has failed to impress upon the court what *other* construction it would insert in the place of what is there. Bronner Brothers suggests only that "the only logical conclusion to be drawn from the contract provision in question is that the parties did not intend to enter into an agreement whose effect would be to pay Russell a straight salary of $50,000." We can concede this is true, and that the provision as stated did *not* result in Russell's being paid more than $50,000. At least appellants have not shown that it did, nor have they suggested what amount he would have been paid if some other unnamed construction was made of the provision.

If there were anything ambiguous about the provision, appellants

have not suggested an unambiguous interpretation. Moreover, Bernard Bronner was permitted to explain that the parties intended Russell to get 2 percent only of those orders he initiated, when the account was then taken over and served by another salesman. A jury charge instructing the jury to construe ambiguous provisions against the maker (allegedly Russell) would have accomplished nothing, because this provision is not ambiguous, and there is no other *unambiguous* construction to consider. As to ambiguity of contract provisions generally, see *Building Assoc. v. Crider*, 141 Ga. App. 825 (234 SE2d 666). Since the provision was not ambiguous, parol evidence was not admissible to vary its terms. See *Quigley v. Jones*, 255 Ga. 33 (334 SE2d 664); *Isaacson v. Carbo*, 176 Ga. App. 514 (336 SE2d 373); *Redfearn v. C & S Nat. Bank*, 122 Ga. App. 282 (176 SE2d 627). We find no error in the trial court's handling of this case.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 10, 1990.

*Vaughan & Murphy, Clifford E. Hardwick IV*, for appellants.
*William R. Parker*, for appellees.