A91A0465. ZUMPANO ENTERPRISES, INC. v. GEORGIA TILE DISTRIBUTORS, INC.
(408 SE2d 813)

BANKE, Presiding Judge.

The appellant, Zumpano Enterprises, Inc., filed this action against the appellee, Georgia Tile Distributors, Inc., seeking to recover $10,631.17, plus interest, allegedly due on an open account. The complaint was later amended to include an alternate claim for recovery under the theory of unjust enrichment. Following a non-jury trial, judgment was entered in favor of the appellee, and this appeal followed.

In December of 1987, the appellee telefaxed a purchase order for tile to Windsor Ceramic, a Canadian tile manufacturer which is not a party to this action. In early January of 1988, the appellant was awarded a "master distributorship" by Windsor, giving it exclusive distribution rights in the southeast for Windsor's product. On January 12, 1988, the appellant's president and the appellee's president engaged in a telephone conversation concerning the tile order the appellee had placed with Windsor. The appellant's president testified that, acting pursuant to instructions from Windsor, he took a duplicate order for the tile from the appellee's president during this conversation. However, the appellee's president denied this and further denied any knowledge that the appellant was purporting to act in the capacity of Windsor's exclusive distributor at that time. The tile was shipped by Windsor on January 14, 1988, and was subsequently received and resold by the appellee. The appellant thereafter invoiced the appellee for the tile, but the appellee has refused to pay that invoice, even though it concedes that it has not been billed for the tile by Windsor. The appellee presented evidence that it anticipated that its indebtedness to Windsor for the tile would be offset by a credit for the purchase price of an unrelated shipment of tile which it intended to return to Windsor. The trial court based its judgment in favor of the appellee on a finding that there was "no privity of contract" between the parties.

On the same date the appellant filed its notice of appeal, it also filed a motion pursuant to OCGA § 9-11-52 (c) seeking to have the judgment amended, both to include findings of fact on the open account claim and to address its claim for recovery based on unjust enrichment. That motion was, however, denied. *Held:*

We must agree with the appellant that the judgment entered by the trial court is deficient in that it fails to address his unjust enrichment claim at all and contains insufficient findings of fact with respect to the open account claim to permit its ruling on that count of the complaint to be reviewed on appeal. The judgment is accordingly vacated; and the case is remanded for the entry of appropriate findings of fact and conclusions of law on both theories of recovery.

*Judgment vacated and case remanded with direction. Carley and Beasley, JJ., concur.*

DECIDED JULY 2, 1991 —
RECONSIDERATION DENIED JULY 22, 1991.

*Neil A. Moskowitz*, for appellant.

*Joel E. Dodson*, for appellee.