A92A2044. NILAN'S ALLEY, INC. v. GINSBURG.

(430 SE2d 368)

CARLEY, Presiding Judge.

After terminating his employment as a salesman for appellant-defendant, appellee-plaintiff began work for a competitor. Thereafter, appellee brought suit to recover unpaid commissions which he had allegedly earned during his employment with appellant. Appellant answered and also counterclaimed, alleging appellee's tortious interference with business relations and his breach of fiduciary duties. After discovery, appellee moved for summary judgment on appellant's counterclaims. The trial court granted appellee's motion and appellant appeals.

1. Appellant is the manufacturer's representative for certain products and, during appellee's employment, he was appellant's agent for soliciting offers to purchase those products. Accordingly, the evidence would authorize a finding that appellee owed fiduciary obligations to appellant. See OCGA § 23-2-58; *Lane Co. v. Taylor*, 174 Ga. App. 356, 362 (5) (330 SE2d 112) (1985). The issue for resolution is whether a genuine issue of material fact remains as to appellee's breach of his fiduciary duty.

"[A]n employee breaches no fiduciary duty to the employer simply by making plans to enter a competing business while he is still employed. 'Even before the termination of his agency, he is entitled to make arrangements to compete . . . and upon termination of employment immediately compete.' [Cit.] . . . '[H]e is not, however, entitled to solicit customers for (a) rival business before the end of his employment nor can he properly do other similar acts in direct competition with the employer's business.' [Cit.]" *E. D. Lacey Mills v. Keith*, 183 Ga. App. 357, 362-363 (9) (359 SE2d 148) (1987).

Appellant urges that its customers were solicited by appellee during the time that he was employed as its salesman. The evidence shows that, while employed by appellant, appellee did have conversations with appellant's customers concerning his future employment. However, these conversations were brief, non-specific and strictly hypothetical. He simply inquired of appellant's customers whether, in the event he left appellant's employment in the future, they would consider continuing to place their orders through him. The evidence is undisputed that appellee did not profit at appellant's expense during his actual employment with appellant. Compare *Vinson v. E. W. Buschman Co.*, 172 Ga. App. 306 (323 SE2d 204) (1984). No agreement was reached with any of appellant's customers prior to appellee's termination of his employment. It was only *after* appellee had already left his employment with appellant that, upon being informed of appellee's actual change of employers, one customer decided to switch from appellant and place its orders with appellee's new em-

ployer. No existing contract was breached when appellant lost this customer. This evidence would authorize only a finding that appellee's conversations were in mere preparation for post-employment competition and that appellee was not thereby in direct competition so as to breach the duties of good faith and loyalty that he then owed to appellant. *Nationwide Advertising Svc. v. Thompson Recruitment Advertising*, 183 Ga. App. 678, 683-684 (4) (359 SE2d 737) (1987). It follows, therefore, that the trial court correctly granted appellee summary judgment as to appellant's counterclaim for breach of fiduciary duty. *Kem Mfg. Corp. v. Sant*, 182 Ga. App. 135, 142 (7a) (355 SE2d 437) (1987); *Millwood Mouldings v. Wilson*, 176 Ga. App. 845, 846 (2) (338 SE2d 60) (1985).

*E. D. Lacey Mills v. Keith*, supra at 363 (9), is not authority for a contrary holding. The *Keith* decision is factually distinguishable. There, the evidence showed that, while ostensibly employed by their former employer, the former employees had conducted numerous meetings, made many telephone calls and were frequently absent in pursuit of their plans to compete. On this evidence, it was held that a jury should determine whether the former employees had "fulfilled their duties to [their former employer] as *full-time* paid employees *during* the months they made *plans* for their new company." (Emphasis supplied.) *E. D. Lacey Mills v. Keith*, supra at 363 (9). In the instant case, there is evidence only of appellee's brief, non-specific and strictly hypothetical conversations regarding the prospect, rather than the certainty, of his future employment with appellant's competitor.

Likewise, *Lane Co. v. Taylor*, supra at 361-362 (5), is not authority for a contrary holding in the instant case. Not only is that decision a physical precedent only, it is also factually distinguishable. The holding in *Lane Co.* was predicated upon the restrictive covenants contained in the former employee's contract of employment. Here, there are no restrictive covenants which are enforceable as against appellee.

2. "[A] cause of action for [intentional] interference with business relations does not require proof of a valid and enforceable contract." *Integrated Micro Systems v. NEC Home Electronics (USA)*, 174 Ga. App. 197, 200 (3) (329 SE2d 554) (1985). In order to recover under this theory, however, appellant would have to show that appellee " ' "(1) acted improperly and without privilege. . . ." (Cits.)' [Cit.]" *Nationwide Advertising Svc. v. Thompson Recruitment Advertising*, supra at 679-680 (1).

The *only* acts which are alleged to be improper and unprivileged are appellee's conversations with appellant's customers before termination of his employment as appellant's salesman. Appellant urges that, by engaging in these conversations, appellee breached his fiduci-

ary duty and thereby committed improper and unprivileged acts. As discussed in Division 1, however, these conversations were not in breach of appellee's fiduciary duty. Accordingly, the trial court correctly granted appellee summary judgment as to appellant's counterclaim for intentional interference with contractual relations. See *American Bldgs. Co. v. Pascoe Bldg. Systems*, 260 Ga. 346, 349 (2) (392 SE2d 860) (1990). Compare *E. D. Lacey Mills v. Keith*, supra at 363-364 (10); *Lane Co. v. Taylor*, supra at 360 (3).

*Judgment affirmed. Pope, C. J., and Johnson, J., concur.*

DECIDED MARCH 10, 1993 —
RECONSIDERATION DENIED MARCH 24, 1993

*Gort, Hassett, Cohen & Beitchman, Robert W. Hassett*, for appellant.

*Donald A. Weissman, Goodman & Bush, F. Clay Bush, Norman L. Smith*, for appellee.