## A94A1064. RENDEN, INC. v. LIBERTY REAL ESTATE LIMITED PARTNERSHIP III et al.
### (444 SE2d 814)

BIRDSONG, Presiding Judge.

This is an appeal from a grant of summary judgment. Appellant/plaintiff Renden, Inc. (Renden) brought suit for tortious interference with a business relationship against appellee/defendants Liberty Real Estate Limited Partnership III et al. (Liberty). Liberty currently owns the East Lake Shopping Center. Originally, a lease agreement was entered between Cobb Properties, Ltd., as landlord, and Colonial Stores, Inc., as tenant, for lease of certain premises located in the East Lake Shopping Center. This lease has been amended several times with Liberty ultimately becoming the landlord and Grand Union Company d/b/a Big Star becoming the tenant. Big Star quit conducting business on the leased premises and entered negotiations with Renden to sublease its interests. Renden's proposed business concept was to open a family-type entertainment center in the leased space. Renden contends that, although Liberty had leased a portion of the shopping center to a predecessor of Big Star with a lease clause which in effect granted Big Star the right to transfer and assign its lease or to sublet the premises or any part thereof without permission of the landlord, Liberty thereafter declared Renden a prohibited tenant and threatened to close ("go dark") and to take other action, thereby causing Big Star to refuse to execute a sublease with Renden. Subsequently, Liberty and Grand Union executed a mutual release and settlement agreement; after termination of the lease by mutual consent of the parties, Liberty relet the space to a new anchor tenant deemed suitable for the purpose underlying the shopping center development plan. The trial court granted Liberty's motion for summary judgment; appellee/defendants' counterclaim for attorney fees remains pending. *Held*:

1. At summary judgment a party who will not bear the burden of proof at trial need not conclusively prove the opposite of each ele-

ment of the non-moving party's case. Summary judgment is appropriate when the court, viewing all the facts and reasonable inferences from those facts in a light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to each essential element of the case. *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (405 SE2d 474). A movant for summary judgment who is a defendant may discharge his burden by pointing out by reference to the affidavits, depositions, and other documents in the record that there is an absence of evidence to support the non-moving party's case. If the moving party discharges this burden, the non-moving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. Id. at 491. Further, hearsay evidence has no probative value in a summary judgment proceeding, except when part of the res gestae. *Southern Business Machines of Savannah v. Norwest Financial &c.*, 194 Ga. App. 253, 256 (2) (390 SE2d 402).

2. Examination of appellant's complaint, under the Civil Practice Act standards of *Wade v. Polytech Indus.*, 202 Ga. App. 18, 21 (2) (413 SE2d 468), reveals that a cause of action has been adequately averred of tortious interference with business relations. Tortious interference with business relations is a distinct and separate tort from that of tortious interference with contractual relations, although some of the elements of the two torts are similar. Compare *Integrated Micro Systems v. NEC Home Electronics*, 174 Ga. App. 197 (329 SE2d 554). Proof of a valid and enforceable contract is not required as an element of a cause of action for intentional tortious interference with business relations. *Nilan's Alley v. Ginsburg*, 208 Ga. App. 145, 146 (2) (430 SE2d 368); *Integrated Micro Systems*, supra at 200 (3). Appellee's contention that appellant must establish that a contract existed as the basis for the averred interference is without merit. To recover under a theory of tortious interference with business relations, a plaintiff must show defendant: (1) acted improperly and without privilege, (2) acted purposely and with malice with the intent to injure, (3) induced a *third party or parties* not to enter into or continue a business relationship with the plaintiff, and (4) caused plaintiff financial injury. *Integrated Micro Systems*, supra at 200 (3). Malice, as herein used, is a term to be given a liberal meaning; malicious or maliciously means any unauthorized interference, or any interference without legal justification or excuse. *Arford v. Blalock*, 199 Ga. App. 434, 441 (13) (405 SE2d 698); *Forehand v. Perlis Realty Co.*, 198 Ga. App. 165, 166 (400 SE2d 644).

A cause of action for tortious interference with business relations encompasses interference with a prospective business relationship as well as existing ones, and liability results not only from disruption of the relationship but also from elimination of the injured party's ability to perform. But to establish a cause of action for interference with

prospective business relations, plaintiff must demonstrate that absent the interference, those relations were reasonably likely to develop in fact. *Perry & Co. v. New South Ins. Brokers*, 182 Ga. App. 84, 89 (4) (354 SE2d 852). The trial court did not err in granting summary judgment to appellees for each of the following reasons:

(a) Liberty carried its burden, under *Lau's Corp.*, supra, by showing that the evidence failed to create a triable issue as to the element of malice with intent to injure. Liberty, as landlord, had a legal right to compete for the rental space vacated by Big Star when it elected to "go dark" and cease business operations on the premises. A senior official of Liberty gave direct testimony, by way of deposition, as to the corporate state of mind and motive of Liberty in making its decision to compete for the space; the decision was purely an economic decision, there were no emotions involved at all, and the official bore no personal animosity against the partners of Renden. Further a counsel of Renden, by way of deposition, conceded that there exists valid business concerns for a landlord as to whom its tenants will be, that an anchor tenant has "gone dark," and that an anchor tenant generates general traffic during the business hours when most of the other tenants are in operation. At this point in the proceedings, appellant Renden was required to go forward and point to specific evidence giving rise to a triable issue as to the element of malice with intent to injure. *Lau's Corp.*, supra. "In response to a motion for summary judgment, the non-moving party may not rest on generalized allegations, but must come forward with specific facts." *Precise v. City of Rossville*, 261 Ga. 210, 212 (3) (403 SE2d 47). After discounting all inadmissible hearsay evidence, appellant at best relies upon a modicum of circumstantial evidence. However, in passing upon a summary judgment motion, a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists. *Rowell v. McCue*, 188 Ga. App. 528, 531 (373 SE2d 243); accord *American Honda &c. Co. v. Williams & Assoc.*, 208 Ga. App. 636, 642 (2) (431 SE2d 437). Renden failed to carry its burden of going forward under *Lau's Corp.*, supra, as to the issue of malice with intent to injure. Compare *Forehand*, supra at 166.

(b) Another essential element of tortious interference with business relations is that the alleged tortfeasor "induced a third party or parties not to enter into or continue a business relationship with the plaintiff." *Integrated Micro Systems*, supra at 200. The business relationship here at issue is that of lessor/lessee/sublessee. The leasing agreement between Liberty and Grand Union d/b/a Big Star created the legal right of sublease relied upon by Renden to support its claim of entitlement to sublease. Thus, the business relationship at issue between Renden and Grand Union was inextricably a part of the pre-

dominant leasing relationship between the landlord, Liberty, and its tenant, Big Star. To sustain a claim for intentional interference with business relations, the tortfeasor must be an "intermeddler" acting improperly and without privilege. See *Driggers v. Continental Grain Co.*, 210 Ga. App. 293, 295 (2) (435 SE2d 722). The tortfeasor must be a "stranger" to the business relationship at issue; a party, under appropriate circumstances, can be a non-signer of a particular contract and yet not be a stranger to the contract itself or to the business relationship giving rise thereto and underpinning it. See *Lake Tightsqueeze v. Chrysler First Financial &c.*, 210 Ga. App. 178, 181 (4) (435 SE2d 486); *Jefferson-Pilot &c. Co. v. Phoenix City Broadcasting &c.*, 205 Ga. App. 57, 61 (1) (421 SE2d 295). Liberty was not a stranger to the business relationship at issue, but rather, as lessor, was an essential entity in the prospective lessor/lessee/sublessee relationship. Likewise for purposes of establishing a claim of tortious interference with business relations, Renden cannot be considered a stranger to the basic lessor/lessee relationship between Liberty and Big Star; Renden's claim of right to sublease per force depends upon the existence of a valid lessor/lessee relationship between Liberty and Big Star and the terms of the lease contract giving rise to that particular business relationship. Liberty could not as a matter of law induce Big Star, in any third-party capacity, not to enter into or continue a sublease business relationship with Renden; none of the parties was a stranger to the lessor/lessee/sublessee relationship at issue. Whatever may have been the proper tort to aver in this case, if any, it was not that of tortious interference.

(c) A grant of summary judgment must be affirmed if it is right for any reason. *Malaga Mgmt. Co. v. John Deere Co.*, 208 Ga. App. 764, 767 (5) (431 SE2d 746); see *Precise v. City of Rossville*, supra at 211 (3).

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED MAY 9, 1994 —
RECONSIDERATION DENIED MAY 27, 1994 —

*Carr & Kessler, James C. Carr, Jr.*, for appellant.
*McCalla, Raymer, Padrick, Cobb, Nichols & Clark, Carol V. Clark, Donna C. Sloan*, for appellees.