A01A0571. VERNON LIBRARY SUPPLIES, INC. v. ARD.
(550 SE2d 108)

BARNES, Judge.

Vernon Library Supplies, Inc. ("VLS") appeals the judgment entered on behalf of its former employee, James Ard d/b/a On Time Label, following a bench trial. VLS contends the trial court erred in failing to make findings of fact and conclusions of law and in finding for Ard on its claims for promissory estoppel, breach of fiduciary duty, and duty of loyalty, as well as punitive damages and attorney fees. We affirm the judgment.

1. VLS first contends the trial court abused its discretion in failing to make findings of fact and conclusions of law. The record shows that, at the end of the bench trial, the trial court orally pronounced its ruling on each of VLS's claims. After concluding that it was going to enter judgment in favor of the defendant, plaintiff's counsel asked, "Would your Honor be entering findings of fact and conclusions of law?" The court replied, "To the extent they're in the record," and counsel for both sides thanked the court. The judgment was entered on July 31, 2000, and on August 3, 2000, VLS filed its motion asking the court to enter findings of fact and conclusions of law. No ruling on the motion appears in the record.

OCGA § 9-11-52 (a) provides that, in ruling on a bench trial, the court *shall* making findings of fact and conclusions of law "upon request of any party made prior to such ruling." OCGA § 9-11-52 (c) provides that the court *may* amend its judgment to add findings and

conclusions upon motion by a party within 20 days after judgment is entered. The request in this case being made after judgment, we review the trial court's failure to make such findings for abuse of discretion. *Greene County v. North Shore Resort*, 238 Ga. App. 236, 241 (2) (517 SE2d 553) (1999). While we have found such an abuse in cases involving multiple parties and complicated facts, *Gold Kist v. Wilson*, 220 Ga. App. 426, 428 (1) (469 SE2d 504) (1996); *Zumpano Enterprises v. Ga. Tile Distrib.*, 200 Ga. App. 563, 564 (408 SE2d 813) (1991), this case is straightforward, and the record is small. We find no abuse of discretion. *Greene County v. North Shore Resort*, supra, 238 Ga. App. at 241.

2. VLS further contends the trial court erred in ruling against it on its promissory estoppel claim. The evidence at trial established that the majority of VLS's business comes from distributing supplies to library customers, with about three percent of the business from its commercial label customers. Although VLS president Shai Robkin fired Ard, the operations manager, in July 1997, Robkin allowed Ard to continue working for two more months, both to ease his financial hardship and so Ard could train his successor. Two weeks later, Robkin approached Ard to discuss rumors that Ard was planning to start a competing business.

Robkin testified that he asked Ard what his intentions were and Ard responded that he intended to " 'go into the commercial label business.' " Robkin continued, "We certainly understood what that meant, to distinguish that from the library supplies business." The president further testified that he offered to refer commercial label business to Ard and extracted a promise from Ard that he would not pursue VLS's library supply customers. In exchange for this promise, Robkin allowed Ard to stay for the remainder of his time and continued to allow him access to all information about VLS's library supply customers.

Ard also testified that the two men discussed his proposed upcoming business, agreed that he told Robkin he was going to start a new commercial label business, and did not tell him he might pursue VLS's library supply customers. Ard also testified that Robkin made it clear in a subsequent conversation that he would be upset if Ard tried to steal any of his library supply clients. Ard denied, however, making any promises or commitments to Robkin.

Under the doctrine of promissory estoppel, "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." OCGA § 13-3-44 (a). We will not reverse the trial court's ruling if any evidence in the record supports it. *Lamb v. Tretiak*, 194 Ga. App. 764, 765 (2) (391 SE2d

722) (1990). We need not reach the issue of whether VLS has shown "reasonable" reliance on what is essentially a very broad oral covenant not to compete, because the record contains some evidence that Ard made no promises to VLS. As there is evidence to sustain the trial court's judgment, we cannot disturb it. Id.

3. VLS contends the trial court erred in ruling against it on its claims of breach of fiduciary relationship and breach of duty of loyalty.

> An employee breaches no fiduciary duty to the employer simply by making plans to enter a competing business while he is still employed. Even before the termination of his agency, he is entitled to make arrangements to compete and upon termination of employment immediately compete. He is not, however, entitled to solicit customers for a rival business before the end of his employment nor can he properly do other similar acts in direct competition with the employer's business.

*Instrument Repair Svc. v. Gunby*, 238 Ga. App. 138, 140 (1) (518 SE2d 161) (1999). The question before us, then, is whether any evidence supports the conclusion that Ard did not solicit customers or directly compete with VLS before the end of his employment. In fact, Robkin testified that he had no evidence Ard contacted VLS's customers before he stopped working for VLS and knew of no specific activities in which Ard engaged to compete with VLS while still employed. Further, "a cause of action against an employee for breach of loyalty must be based upon a fiduciary duty owed by the employee and must rise and fall with any claim for breach of fiduciary duty." *Physician Specialists in Anesthesia v. Wildmon*, 238 Ga. App. 730, 735 (3) (521 SE2d 358) (1999). The trial court did not err in granting judgment to Ard on VLS's claims for breach of fiduciary relationship and employee loyalty.

4. Finally, VLS asserts the trial court erred in failing to award punitive damages and attorney fees. However, a claim for punitive damages will not lie when general damages are not awarded, *Mayfield v. Ideal Enterprise*, 157 Ga. App. 266, 267 (1) (277 SE2d 62) (1981), and since VLS is not entitled to any general damages, the trial court correctly found for Ard on the claims for attorney fees and the expenses of litigation under OCGA § 13-6-11. *Russell Corp. v. BancBoston Financial Co.*, 209 Ga. App. 660, 663 (6) (434 SE2d 716) (1993).

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JUNE 5, 2001.

*Stokes, Lazarus & Carmichael, William K. Carmichael*, for appellant.
*Maddox, Nix, Bowman & Zoeckler, John A. Nix*, for appellee.