A08A2268. HANSON STAPLE COMPANY, INC. v. ECKELBERRY.
(677 SE2d 321)

MIKELL, Judge.

Hanson Staple Company, Inc., d/b/a Hanson Engineered Packaging Solutions ("Hanson") filed the underlying lawsuit against its former employee, Michael Eckelberry, after he resigned from Hanson's employ and entered into competition with Hanson. In its

---

complaint, Hanson asserted claims for breach of contract (Count 1), breach of duty of loyalty (Count 2), and costs and attorney fees pursuant to OCGA § 13-6-11 (Count 3). Count 1 was dismissed with prejudice. Subsequently, the trial court granted Eckelberry's motion for summary judgment as to the remaining counts of the complaint. Hanson now appeals, asserting that the evidence raises a jury question concerning whether Eckelberry had authority to bind Hanson during his employment and that the trial court erred in determining that, as a matter of law, Eckelberry had not breached any duty of loyalty to Hanson. Finding no error, we affirm the judgment of the trial court.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case.[1]

Once the moving party discharges this burden, the nonmovant may not rest on its pleadings, but instead must come forward with evidence establishing a triable issue.[2] On appeal of a grant of summary judgment, the appellate court must review the evidence de novo to determine whether the trial court erred in concluding that no genuine issue of material fact remains and that the movant was entitled to judgment as a matter of law.[3]

Viewed in the light most favorable to Hanson as the nonmovant, the record reveals that Hanson, a company engaged in the business of selling packaging supplies, employed Eckelberry as a sales representative beginning in 1996. Eckelberry resigned early on the morning of February 13, 2006. At the time of his resignation, Eckelberry was an at-will employee of Hanson, and there was no contract in place which restricted his ability to solicit Hanson's customers or otherwise compete with Hanson after termination of his employment.

---

[1] (Citation omitted; emphasis in original.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[2] Id.

[3] *Youngblood v. Gwinnett Rockdale Newton Community Svc. Bd.*, 273 Ga. 715, 717-718 (4) (545 SE2d 875) (2001).

As Hanson's sales representative, Eckelberry sold Hanson's products to its customers, chiefly to Koch Foods ("Koch") and Olé Mexican Foods ("Olé"). After Hanson's ownership changed hands in November 2004, Eckelberry became increasingly unhappy, due to proposed changes that he feared would result in lowering his commission income. The evidence reflects that Eckelberry contemplated leaving the company, and that he mentioned his dissatisfaction and the possibility that he might resign to his contacts at Koch and at Olé.

On February 13, 2006, Eckelberry resigned from Hanson and went to work for Performance Associates, Inc. ("Performance"), a company which had been founded almost a year earlier by another former employee of Hanson. After his resignation from Hanson, Eckelberry solicited and obtained for Performance the packaging business of Koch and Olé.

1. Hanson contends that the evidence raised a jury question as to whether Eckelberry had authority, during his employment, to bind Hanson as its agent. We agree with Hanson that a fact issue exists as to whether he was Hanson's agent. Although Eckelberry testified on deposition that he could not execute contracts or enter into purchase orders on behalf of Hanson, Bernardino Salvatore, Hanson's general manager, testified by affidavit that Eckelberry had the power to negotiate purchase orders and authorize the purchase of supplies, and that his exercise of this authority was binding upon Hanson. To the extent that Hanson authorized Eckelberry to act on its behalf, Eckelberry was Hanson's agent.[4] Where an agency relationship exists, the agent has a fiduciary duty to his principal.[5] Thus, as Hanson's agent, Eckelberry owed a fiduciary obligation to Hanson during the term of his employment.[6]

The record shows, however, that Eckelberry did not breach any fiduciary duty owed to Hanson. It is well settled that an employee does not breach a fiduciary duty to its employer by making plans to compete, even if those plans are made while the employer-employee relationship still exists:

> [A]n employee breaches no fiduciary duty to the employer simply by making plans to enter a competing business while he is still employed. Even before the termination of his

---

[4] See OCGA § 10-6-1 ("The relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him").

[5] See *Nilan's Alley v. Ginsburg*, 208 Ga. App. 145 (1) (430 SE2d 368) (1993) (employee had fiduciary obligation to employer where he was employer's agent for soliciting offers to purchase employer's products).

[6] See *Instrument Repair Svc. v. Gunby*, 238 Ga. App. 138, 140 (1) (518 SE2d 161) (1999) (once employee resigns, he is no longer former employer's agent).

> agency, he is entitled to make arrangements to compete . . . and upon termination of employment immediately compete.[7]

Even though he can make plans to compete, however, an employee "is not . . . entitled to solicit customers for a rival business before the end of his employment nor can he properly do other similar acts in direct competition with the employer's business."[8]

The record reflects that Eckelberry did not inform Hanson's customers that he had left Hanson's employ, nor did he solicit their business, until *after* he resigned. Thus, there is no evidence that Eckelberry breached his fiduciary duty by "solicit[ing] customers for a rival business before the end of his employment."[9] Eckelberry broached the subject of his dissatisfaction with his employer and mentioned the possibility that he might resign to the people he dealt with at Koch and at Olé. This conduct is well within that of the employee defendant in *Nilan's Alley*.[10] In that case, this Court found no breach of fiduciary duty even where an employee asked his employer's customers if they would consider giving him their business if he were to leave the employer in the future.[11] In the case at hand, we note that Eckelberry did not seek a commitment that Koch and Olé would continue to send business his way if he left Hanson. Thus, "[Eckelberry] did not profit at [Hanson]'s expense during his actual employment [by Hanson]."[12] We conclude that the trial court did not err in granting summary judgment to Eckelberry on this issue.

2. In its second and third enumerations of error, Hanson contends that there is an issue of fact as to whether, during the term of his employment, Eckelberry breached a duty of employee loyalty by disparaging Hanson and by failing to report customer complaints to his superiors at Hanson. As this Court held in *Physician Specialists in Anesthesia v. Wildmon*,[13] however, "a cause of action against an employee for breach of loyalty must be based upon a fiduciary duty owed by the employee and must rise and fall with any claim for breach of fiduciary duty."[14] As discussed in Division 1 above, the trial court did not err in granting summary judgment to Eckelberry on

---

[7] (Citation and punctuation omitted.) *E. D. Lacey Mills v. Keith*, 183 Ga. App. 357, 362-363 (9) (359 SE2d 148) (1987). Accord *Nilan's Alley*, supra.

[8] (Citation and punctuation omitted.) *E. D. Lacey Mills*, supra at 363 (9). Accord *Nilan's Alley*, supra.

[9] (Citation and punctuation omitted.) *E. D. Lacey Mills*, supra.

[10] Supra.

[11] Id.

[12] (Citation omitted.) Id.

[13] 238 Ga. App. 730 (521 SE2d 358) (1999).

[14] (Footnote omitted.) Id. at 735 (3).

Hanson's breach of fiduciary duty claim, and the claim for breach of duty of loyalty is similarly subject to summary adjudication.

The cases cited by Hanson in support of its contention that Eckelberry breached a duty of loyalty are inapposite to the case at hand. The decision in *Tom's Amusement Co. v. Total Vending Svcs.*[15] is physical precedent only; moreover, it is distinguishable on its facts, as it concerns an action for tortious interference with business relations (among other claims),[16] rather than for a breach of an employee's duty of loyalty. Although *Tom's Amusement Co.* questions the holding of *Physician Specialists*,[17] we note that this Court has relied on *Physician Specialists* in at least one case decided after *Tom's Amusement Co.* In *Vernon Library Supplies v. Ard*,[18] a former employer asserted claims of breach of fiduciary duty and breach of duty of loyalty against its former employee,[19] who had started a competing library supply distribution business after leaving the plaintiff's employ.[20] Citing *Physician Specialists*, this Court affirmed judgment in favor of the defendant employee, where evidence supported the finding that the employee "did not solicit customers or directly compete with [plaintiff employer] before the end of his employment."[21]

Hanson also cites *Wilson v. Wilson*[22] and *DeKalb Collision Center v. Foster*[23] as recognizing a cause of action for breach of loyalty independent of a breach of fiduciary duty. *Wilson* involved an appeal in a divorce action, where the Supreme Court ruled that requiring a wife to accept employment from her former husband as substitute for alimony would raise Thirteenth Amendment concerns.[24] In *DeKalb Collision Center*, this Court ruled that where an employee's death occurred in the course of his employment, the Workers' Compensation Act barred a tort action brought by the family of the deceased employee against the employer.[25] These cases are inapposite to the case at hand, because neither case involved an alleged breach of an employee's duty of loyalty.

Other cases cited by Hanson indicate that, in order to present a jury question as to an employee's breach of duty to his employer,

---

[15] 243 Ga. App. 294 (533 SE2d 413) (2000) (physical precedent only).
[16] Id.
[17] Id. at 295-296, n. 6.
[18] 249 Ga. App. 853 (550 SE2d 108) (2001).
[19] Id.
[20] Id. at 854 (2).
[21] Id. at 855 (3).
[22] 277 Ga. 801 (596 SE2d 392) (2004).
[23] 254 Ga. App. 477 (562 SE2d 740) (2002).
[24] *Wilson*, supra at 804-805 (2).
[25] *DeKalb Collision Center*, supra at 481-482 (1).

there must be evidence from which "[a] jury could conclude that [the employee] used his position with [his employer] for his personal gain to [his employer's] injury"[26] during the term of his employment, such as by purchasing on his own account components needed by the employer;[27] by usurping the employer's sole supplier;[28] by frequent absence from work and by soliciting the employer's sales representatives;[29] or by soliciting the employer's customers and employees and using the employer's "forms, documents, and management techniques" for the new employer.[30] In the case before us, there is no evidence that Eckelberry used his position to his own gain and to his employer's detriment during his employment.

Hanson has also cited cases outside the arena of employment, cases standing for the proposition that an agent has a duty "to exercise, for and in behalf of his principal, skill, loyalty, and absolute good faith."[31] These cases show that an agent can breach this duty by serving as agent to both seller and buyer of real estate, without their prior knowledge and consent;[32] by failing to pay the taxes on the principal's property and then buying the property on the agent's own account at the tax sale, without disclosure to the principal;[33] or by failing to deliver to his principal the proceeds of the sale of the principal's property.[34] Because these cases are distinguishable on their facts, Hanson's reliance on them is misplaced.

We conclude that the trial court did not err in granting summary judgment to Eckelberry on Hanson's claim for breach of duty of employee loyalty.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED MARCH 10, 2009 —
RECONSIDERATION DENIED APRIL 7, 2009 

*Seyfarth Shaw, Michael P. Elkon, Erika C. Birg,* for appellant.

---

[26] *Tronitec v. Shealy*, 249 Ga. App. 442, 452 (8) (547 SE2d 749) (2001), rev'd on other grounds, *Williams Gen. Corp. v. Stone*, 279 Ga. 428 (614 SE2d 758) (2005).

[27] *Tronitec,* supra (jury question as to breach of fiduciary duty where employee purchased on his own account, and at favorable price, components needed by employer, while employee held managerial position and was employer's purchasing agent).

[28] *Koch v. Cochran*, 251 Ga. 559, 560 (307 SE2d 918) (1983).

[29] *E. D. Lacey Mills*, supra.

[30] *Lane Co. v. Taylor*, 174 Ga. App. 356, 361 (4), 362 (5) (330 SE2d 112) (1985) (physical precedent only).

[31] *Napier v. Adams*, 166 Ga. 403, 406 (143 SE 566) (1928).

[32] Id. at 408-409.

[33] *Larkins v. Boyd*, 205 Ga. 69, 72 (1) (52 SE2d 307) (1949).

[34] *Clyde Chester Realty Co. v. Stansell*, 151 Ga. App. 357, 359 (2) (259 SE2d 639) (1979).

*Coleman & Dempsey, Arlene L. Coleman, Robert P. Catlin III*, for appellee.