A90A1788, A90A1789. HASKINS et al. v. LAU'S CORPORATION, INC. (two cases).
(402 SE2d 58)

CARLEY, Judge.

Appellant-plaintiffs in these companion cases were robbed and seriously injured in the parking lot of appellee-defendant's restaurant. Appellants brought suit, alleging that appellee had negligently failed to provide adequate warning or adequate security for its patrons. Appellants appeal from the trial court's grant of appellee's motion for summary judgment.

1. In opposition to the motions for summary judgment, appellants adduced evidence of another criminal attack on appellee's patrons occurring in the parking lot several days before they were injured. Appellants urge that this evidence demonstrates the existence of a genuine issue of material fact regarding appellee's superior knowledge and liability.

"In actions to recover for injuries resulting from the criminal misconduct of third persons on business premises, evidence showing that criminal acts have occurred on the premises in the past is admissible to show that the proprietor had reasonable grounds for apprehending the occurrence of such acts in the future, but only if there is a 'substantial similarity' between the prior criminal acts and the criminal act giving rise to the plaintiff's claim. [Cits.] Whether a 'substantial similarity' exists must be determined by the facts of each individual case. It is not required that the offenses be identical. 'All that is required is that the prior (incident) be sufficient to attract the owner's attention to the dangerous condition which resulted in the litigated (incident).' [Cit.] The prior [offense] . . . in the present case [is] similar to the offense which resulted in [appellants'] injuries in the obvious respect that each involved a criminal assault against a [restaurant] patron in the parking lot. . . ." *MARTA v. Allen*, 188 Ga. App. 902, 903-904 (1) (374 SE2d 761) (1988).

Moreover, the prior and instant offenses occurred at night, only four days apart, and, in each incident, an elderly couple was attacked, with the woman being knocked to the ground and her purse taken. "On balance . . ., we conclude that the prior [offense is] admissible on the issue of whether [appellee] knew or should have known that there was an unreasonable risk of danger from criminal assault at the location in question." *MARTA v. Allen*, supra at 904 (1). See also *Burdine v. Linquist*, 177 Ga. App. 545 (340 SE2d 198) (1986); *Bayshore Co. v. Pruitt*, 175 Ga. App. 679 (1) (334 SE2d 213) (1985). Com-

pare *Grandma's Biscuits v. Baisden*, 192 Ga. App. 816, 817 (1) (386 SE2d 415) (1989) (wherein the record did "not reveal whether the prior assault occurred inside the restaurant or outside, or even whether it involved a patron of the restaurant."); *Adler's Package Shop v. Parker*, 190 Ga. App. 68, 70 (1a) (378 SE2d 323) (1989); *Tolbert v. Captain Joe's Seafood*, 170 Ga. App. 26, 28 (2) (316 SE2d 11) (1984).

" ' "(I)n order for a party to be held liable for negligence, it is not necessary that he should have been able to anticipate the particular consequences which ensued. It is sufficient if in ordinary prudence he *might* have foreseen some injury would result from his act or omission and that consequences of a generally injurious nature might result. . . ." (Cits.)' [Cit.]" (Emphasis in original.) *Bayshore Co. v. Pruitt*, supra at 680 (1). "Because . . . the prior [incident] of criminal activity was admissible and probative evidence of appellee's prior knowledge, there remains a question of fact for the jury on this issue. . . . [Cit.]" *Burdine v. Linquist*, supra at 547. "The cases relied upon by [appellee] are distinguishable . . . and do not demand a contrary result. In *McCoy v. Gay*, [165 Ga. App. 590 (302 SE2d 130) (1983)], . . . [t]wo of the three prior offenses offered as evidence were adjudged insufficiently similar . . . because they had occurred 'at or in close proximity to the actual guest facilities provided by the Inn' rather than in the parking lot, which was 'on the periphery of the premises some distance from the actual Inn facility itself.' [Cit.] Although the third offense had occurred in the parking lot, it had taken place some ten years earlier. . . . [Cit.]" *MARTA v. Allen*, supra at 904 (1).

2. Moreover, appellee's president testified he had undertaken a periodic nighttime patrol of the parking lot immediately following the prior similar incident. Construing the evidence most favorably for appellants, a genuine issue of material fact would, therefore, also remain as to whether appellee, having undertaken to provide security for its patrons in its parking lot, did so non-negligently. See *Bishop v. Mangal Bhai Enterprises*, 194 Ga. App. 874, 876 (3) (392 SE2d 535) (1990); *Grandma's Biscuits v. Baisden*, supra at 818 (2); *Adler's Package Shop v. Parker*, supra at 70 (1b); *Atlanta Center Ltd. (A.B.V.I. Corp.) v. Cox*, 178 Ga. App. 184 (341 SE2d 15) (1986). As the movant for summary judgment, appellee failed to demonstrate that, as a matter of law, ordinary care in the exercise of the duty it had assumed to provide parking lot security did not require additional security measures, such as increased lighting, issuing warnings to its patrons, instituting a constant nighttime patrol, or offering to escort patrons to their cars.

3. As the movant for summary judgment, appellee likewise had the burden to establish that, as a matter of law, its alleged negligence

was not the proximate cause of appellants' injuries. Appellee adduced no evidence that, if it owed appellants the duty to provide them with security in its parking lot, its breach of that duty was not the proximate cause of their injuries. Indeed, there is evidence that appellants would have heeded any warnings and utilized the services of an escort.

*Judgments reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 17, 1991 — 
REHEARING DENIED FEBRUARY 4, 1991 — 

*Dozier, Akin & Lee, Lester Z. Dozier, Jr.,* for appellants.
*Bentley, Karesh, Seacrest, Labovitz & Campbell, Edwin A. Tate II, Jean F. Johnson,* for appellee.