S91G0720. LAU'S CORPORATION, INC. v. HASKINS et al.

(405 SE2d 474)

CLARKE, Chief Justice.

Sarah and Louis Haskins were robbed by two men in the parking lot adjoining the China King Restaurant. Louis Haskins was hit in the head and Sarah Haskins' purse was snatched. The Haskinses brought an action against the China King Restaurant alleging that it failed to provide adequate warning or security for its patrons. The trial court granted summary judgment to the restaurant. The Court of Appeals reversed. *Haskins v. Lau's Corp.*, 198 Ga. App. 470 (402 SE2d 58) (1991). We granted certiorari and reverse the Court of Appeals.

To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. See, e.g., *Holiday Inns v. Newton*, 157 Ga. App. 436 (278 SE2d 85) (1981). A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e).

In their complaint Sarah and Louis Haskins alleged that they were attacked and seriously injured on December 23, 1987, in the parking lot of the China King Restaurant. They alleged that the proprietor, Sun-Lung Van, knew that his patrons were in danger of criminal attack, but failed to provide adequate warning or provide adequate security. The restaurant filed a motion for summary judgment, citing the affidavit of Mr. Van, who stated that he had operated the business since 1984 and was aware of only one other criminal incident that had occurred at or near his restaurant. On December 19, 1987, a woman's purse was snatched in the parking lot. The woman was not physically injured. He also stated that the China King Restaurant operated four floodlights at the front of the restaurant that were directed at the parking lot and two floodlights on his business sign, located in the parking lot. The lot was also indirectly lit by streetlights

and the lights from adjoining businesses. Further, after the December 19 purse snatching, he patrolled his parking lot several times each evening.

In response to the motion for summary judgment, the Haskinses filed the affidavits of two police officers who described the December 19 purse snatching, and the affidavits of two local business people who stated that the neighborhood where the China King Restaurant is located is, in their opinion, a high crime area. They stated that they have heard that businesses in the area have experienced problems with robberies or burglaries. They did not describe, however, any precautions that they or other businesses in the area have taken to protect their patrons against the risk of criminal attack. The depositions of Mr. and Mrs. Haskins are also in the record.

The traditional elements of a negligence case are:

(1) A duty, or obligation, recognized by law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks.
(2) A failure on his part to conform to the standard required
. . .
(3) A reasonable close causal connection between the conduct and the resulting injury . . .
(4) Actual loss or damage resulting to the interests of the other.

*Sutter v. Hutchings*, 254 Ga. 194, 196-197 (327 SE2d 716) (1985) (quoting Prosser, Law of Torts, 4th ed., § 30 (1971)). In the motion for summary judgment in this case, defendant asserts that there is an absence of evidence to support the first three elements of plaintiffs' claim.

1. A proprietor's duty to invitees is to "exercise ordinary care in keeping the premises and approaches safe." OCGA § 51-3-1. The proprietor is not the insurer of the invitee's safety, *Pound v. Augusta Nat.*, 158 Ga. App. 166 (279 SE2d 342) (1981), but is bound to exercise ordinary care to protect the invitee from unreasonable risks of which he or she has superior knowledge. *Atlanta Gas Light Co. v. Gresham*, 260 Ga. 391 (394 SE2d 345) (1990). If the proprietor has reason to anticipate a criminal act, he or she then has a "duty to exercise ordinary care to guard against injury from dangerous characters." *Atlantic C. L. R. Co. v. Godard*, 211 Ga. 373, 377 (86 SE2d 311) (1955).

In this case, the undisputed facts show that the Haskinses were invitees on the restaurant property. It is also undisputed that Mr. Van, the proprietor, knew about one previous purse snatching in his parking lot. Further, giving the plaintiffs the benefit of all reasonable

inferences from the affidavits in the record, it is also possible that Mr. Van knew that his business is located in a "high crime" area. We therefore conclude that, although plaintiffs' evidence as to the "duty" element of the tort claim is weak, it is sufficient to give rise to a triable issue as to whether Mr. Van had a duty to exercise ordinary care to guard his patrons against the risk posed by criminal activity.

2. Exactly what constitutes "ordinary care" varies with the circumstances and the magnitude of the danger to be guarded against. Prosser, Law of Torts, 4th ed., §§ 31 and 33 (1971). "Since it is impossible to prescribe definite rules in advance for every combination of circumstances which may arise, the details of the standard must be filled in each particular case." Id. at § 37, p. 207. *Lowe v. Atlanta Masonic Temple Co.*, 79 Ga. App. 575 (54 SE2d 677) (1949). But, to be negligent, the conduct must be unreasonable in light of the recognizable risk of harm. *Pound*, supra at 168. See also Prosser, Law of Torts 4th ed., § 31, p. 147.

The particular standard of care to be applied and whether the owner breached that standard are usually issues to be decided by a jury. *Pound*, supra. However, these issues may be decided by the court in plain and palpable cases where "reasonable minds cannot differ as to the conclusion to be reached." Id. at 167. In this case, the Haskinses assert that Mr. Van breached his duty of ordinary care by failing to warn them that they were in a dangerous neighborhood and by "failing to provide adequate security for the protection of the plaintiff or other patrons." We conclude, however, that, even giving the Haskinses the benefit of every reasonable inference from the evidence in the record, a reasonable jury could not find that Mr. Van had breached his duty of care.

We address first the failure to warn. Many circumstances may require a landowner to warn the invitee of latent dangers. See, e.g., *Knowles v. La Rue*, 102 Ga. App. 350 (116 SE2d 248) (1960); *Ward v. Veterans of Foreign Wars Post 2588*, 109 Ga. App. 563 (136 SE2d 481) (1964); *Sutton v. Sutton*, 145 Ga. App. 22 (243 SE2d 310) (1978). Certainly, a high crime rate in a particular area may increase the risk of harm to patrons so that a prudent owner will take security precautions. We decline, however, to require owners to post signs warning of a generalized risk of crime. It is difficult even to imagine what such warnings would include: "Watch out! This is a high crime neighborhood," or, "Since 1982, two rapes and one robbery have occurred in this parking lot." Plaintiffs cite no authority — and we find none — requiring landowners to warn invitees of a generalized risk of crime. We conclude that no such duty currently exists in the law.

Next, we address the Haskinses' contention that the restaurant failed to provide "adequate security." To avoid entry of summary judgment in a premises liability case, plaintiffs may not simply point

to their injuries as evidence that the landowner failed to take reasonable precautions to protect them. *Jones v. Interstate North Assoc.*, 145 Ga. App. 366 (243 SE2d 737) (1978). Instead, plaintiffs must come forward with facts from which a reasonable jury could conclude that the owner or occupier failed to take reasonable steps to protect them against injury. OCGA § 9-11-56 (e).

The only evidence in this case regarding the level of security at the parking lot was submitted by the proprietor and shows that the lot was well lit,[1] was located immediately adjoining a busy restaurant on a street that was lit by streetlights and populated with other occupied businesses. Further, the proprietor himself checked his parking lot periodically to make sure no one was lingering there. In response to this evidence, the Haskinses have not presented any evidence that the condition of the parking lot fell below reasonable security standards, e.g., that the lights were not working, or that deep shadows provided places for criminals to lurk, or that other local proprietors had found it necessary to hire security guards, etc. In sum, there is no evidence that the proprietor's conduct failed to conform to the standard of care required.

3. Having concluded that there is no evidence of breach of the duty of care, it would ordinarily be unnecessary to address any other issues. For clarity of analysis, however, we will review the other divisions of the Court of Appeals opinion. In Division 2, the Court of Appeals held that because Mr. Van had undertaken to patrol the parking lot, a genuine issue of fact remained as to whether he had done so non-negligently.

> [Mr. Van] failed to demonstrate that, as a matter of law, ordinary care in the exercise of the duty [he] had assumed to provide parking lot security did not require additional security measures, such as increased lighting, issuing warnings to [the] patrons, instituting a constant nighttime patrol, or offering to escort patrons to their cars. *Haskins v. Lau's Corp.*, supra at 471.

The implication of this statement is that Mr. Van somehow raised the standard of care that applies to him by making the effort to patrol his parking lot. We cannot agree. A landowner does not become an insurer of safety by taking some security precautions on behalf of invitees. Undertaking measures to protect patrons does not heighten the standard of care; and taking some measures does not ordinarily con-

---

[1] The Haskinses attempt to rely on a statement in Mr. Haskins' deposition where he stated that, "It was definitely dark." It is clear from the context of this remark, however, that he was referring to whether it was day or night at the time of the robbery.

stitute evidence that further measures might be required.[2] In all cases, a landowner is not required to do more than is reasonable for the protection of invitees. Prosser, supra at § 56.

4. Finally, the Court of Appeals held in Division 3 of its opinion that as the movant for summary judgment, the restaurant had not met its burden to establish as a matter of law that its alleged negligence was not the proximate cause of the Haskinses' injuries. As we noted above, at summary judgment a party who will not bear the burden of proof at trial need not conclusively prove the opposite of each element of the non-moving party's case. Rather, that party must demonstrate by reference to evidence in the record that there is an absence of evidence to support at least one essential element of the non-moving party's case. In other words, summary judgment is appropriate when the court, viewing all the facts and reasonable inferences from those facts in a light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to each essential element of the case. In so holding, we overrule anything to the contrary. See, e.g., *Ryder Truck Rental v. Carter*, 189 Ga. App. 43 (374 SE2d 830) (1988); *Corbitt v. Harris*, 182 Ga. App. 81 (354 SE2d 637) (1987); *Fort v. Boone*, 166 Ga. App. 290 (304 SE2d 465) (1983).

In sum, we conclude that there is no evidence of negligence in this case and that defendant was entitled to summary judgment as a matter of law.

*Judgment reversed. All the Justices concur, except Weltner, J., who dissents as to Divisions 2 through 4 and the judgment line.*

DECIDED JUNE 27, 1991 —
RECONSIDERATION DENIED JULY 24, 1991.

*Bentley, Karesh, Seacrest, Labovitz & Campbell, Edwin A. Tate II, Jeanne F. Johnson,* for appellant.
*Dozier, Akin & Lee, Lester Z. Dozier, Jr.,* for appellees.

---

[2] If a defendant undertakes to do more for the benefit of another person than the law requires, he or she may be held liable if he or she acts unreasonably or makes the situation worse, by increasing the danger, or by misleading the plaintiff into belief that it has been removed, or by depriving the plaintiff of the possibility of help from other sources, etc. Prosser, supra at § 56, p. 347.