## A93A0813. GASKINS v. GAONA.
### (433 SE2d 408)

BIRDSONG, Presiding Judge.

This interlocutory appeal was granted to review the denial of Burnell Gaskins' motion for summary judgment. The record shows that after Florencio Gaona was injured in a farm equipment accident, he sued Gaskins and the owners of B.F.D. Farms. Gaona alleged that while in their employment, the defendants, "by and through other employees or servants, negligently injured [him]," by negligently engaging the power takeoff and causing his injuries when the engaged power takeoff pulled his leg into the equipment.

Subsequently, Gaskins moved for summary judgment asserting that he was not liable to Gaona because Gaona was an employee of B.F.D. Farms, and Gaskins had no connection with B.F.D. Farms, nor was he otherwise responsible for Gaona's injuries. Gaona's response to the motion asserted, however, there was a jury question whether Gaskins was his employer since Gaona was injured by Gaskins' equipment while on Gaskins' land. After the trial court denied Gaskins' motion this appeal followed. *Held*:

1. To prevail at summary judgment Gaskins was required to demonstrate that no genuine issue of material fact existed and that the undisputed facts, viewed in the light most favorable to Gaona warranted judgment as a matter of law. Gaskins could do this by showing that there was no evidence in the record creating a jury issue on at least one essential element of Gaona's case. Once Gaskins discharges this burden, Gaona could not rest on its pleadings, but was required to point to specific evidence giving rise to a triable issue. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). Considering this record under this standard, we find that the trial court erred by denying Gaskins' motion for summary judgment because Gaskins discharged his burden and Gaona failed to carry his.

2. The record not only shows there is an absence of evidence sufficient to create a jury issue (*Lau's Corp.*, supra), but affirmatively establishes that Gaskins is not liable to Gaona under any theory of liability asserted in or fairly drawn from the complaint. The only connection between Gaskins' and Gaona's injuries was that Gaona was injured on Gaskins' land while Gaona and a fellow employee of B.F.D. Farms were attempting to connect a rotovator tiller owned by Gaskins to a tractor owned by Gaona's employer, B.F.D. Farms. B.F.D. Farms is a partnership owned by the two other defendants and Gaskins has

no interest in the partnership. B.F.D. Farms, however, rents land from Gaskins.

Gaona, however, contends that liability may be imposed under OCGA § 51-2-2 (respondeat superior) and that it is a question of fact whether Gaskins was Gaona and the other employee's employer and also a question of fact whether liability could be imposed upon Gaskins if the evidence at trial establishes that Gaskins' tiller was defective. Gaona, however, has failed to point to any facts in the record supporting these contentions.

Although one may be liable for the acts of his employees or agents under OCGA § 51-2-2, to impose liability under respondeat superior, some relationship must exist between the principal and agent or employer and employee. "For the negligence of one person to be properly imputable to another, the one to whom it is imputed must stand in such a relation or privity to the negligent person as to create the relation of principal and agent." OCGA § 51-2-1 (a). In this case the unrebutted evidence shows Gaskins had no such relationship. Gaskins did not employ Gaona or authorize him to act in his behalf. See OCGA § 10-6-1. Instead, Gaona was employed by B.F.D. Farms. Moreover, Gaona does not contend that Gaskins had any right to control Gaona's activities. See *Farmer v. Ryder Truck Lines*, 245 Ga. 734, 739 (266 SE2d 922). Therefore, the necessary element for imposition of liability under respondeat superior is not present.

Moreover, liability cannot be imposed upon Gaskins because he owned the rotovator tiller because Gaona has not alleged or produced any evidence showing that the rotovator tiller was defective. Gaona's only allegation regarding defective equipment concerns the operation of the tractor, which the uncontradicted evidence shows was owned by B.F.D. Farms. Further, as Gaskins showed there was no evidence that his rotovator tiller was defective, Gaona had the burden of pointing to evidence in the record showing a jury issue (*Lau's Corp.*, supra), which he failed to do. Moreover, Gaona cannot wait until trial and hope evidence is somehow presented showing Gaskins' tiller was defective; he was obliged to present this evidence in response to the motion. *Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601, 604 (203 SE2d 173).

Finally, although Gaona sustained his injuries while on Gaskins' property, he has not alleged any theory for imposing liability on Gaskins that arises from the ownership of the land. Gaona's presence on the land when he sustained his injury is not a sufficient basis for imposition of liability. *Slaughter v. Slaughter*, 122 Ga. App. 374, 375-376 (177 SE2d 119).

Consequently, as Gaskins demonstrated there was no triable issue on each essential element of Gaona's case (*Lau's Corp. v. Haskins*, supra at 495), the trial court erred by denying Gaskins' motion

for summary judgment. Therefore, the judgment of the trial court is reversed and the appeal remanded with direction that the trial court enter summary judgment for Gaskins.

*Judgment reversed with direction. Pope, C. J., and Andrews, J., concur.*

DECIDED JULY 1, 1993.

*Dillard, Bower & East, Bryant H. Bower, Jr.,* for appellant.
*Starling & Starling, Donald A. Starling,* for appellee.