A94A1826. EL-AMIN v. NALLEY MOTOR TRUCKS et al.
(451 SE2d 61)

BLACKBURN, Judge.

Appellant, Abdul R. El-Amin, appeals the order of the trial court granting appellees, Nalley Motor Trucks' ("Nalley") and PACCAR Financial Corporation's, motions for summary judgment in a suit for damages arising out of El-Amin's purchase of a used tractor-trailer truck.

In September 1992, El-Amin bought a used Peterbilt tractor-

trailer from Nalley for use in his work as an independent truck driver. In making the purchase, El-Amin signed a number of documents, among them an Installment Sales Contract, a Dealer's Warranty Disclaimer, and a Non-Leased Vehicles Odometer Disclosure Statement. The latter indicated the truck's odometer then read 191,740 miles. After driving the truck for nine months without incident, the truck suffered engine failure when a piston broke through the engine block. El-Amin had the vehicle towed to Nalley for repairs, but subsequently learned that the engine was not under warranty and that necessary repairs would cost $6,000.

In three enumerations of error, El-Amin asserts that jury questions reasonably exist as to whether Nalley fraudulently misrepresented actual mileage on the truck it sold him; whether such misrepresentation substantially impaired the value of the truck, enabling El-Amin to revoke acceptance of the same pursuant to OCGA § 11-2-608; and, whether the Dealer's Disclaimer of Warranty was effective in light of the alleged misrepresentation.

To prevail at summary judgment a movant/defendant must demonstrate by reference to evidence in the record that there is an absence of evidence to support at least one essential element of the non-moving party's case. Summary judgment is appropriate when the court, viewing all the facts and reasonable inferences from those facts in a light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to each element of the case. *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (405 SE2d 474) (1991).

The record before us unequivocally establishes that El-Amin read and signed the Non-Leased Vehicle Odometer Disclosure Statement that Nalley provided him at the time of purchase. It pertinently provided that the "odometer reading is NOT the actual mileage. WARNING ODOMETER DISCREPANCY." Upon being deposed, El-Amin stated that Nalley told him that it did not know what the correct mileage on the truck was when he questioned the odometer reading. Moreover, the Installment Sales Contract and the Dealer's Warranty Agreement he signed indicated that the truck was being sold "as is" and "with all faults." The record does not otherwise reflect any misrepresentation or ambiguity. Accordingly, summary judgment was proper. *Castellana v. Conyers Toyota*, 200 Ga. App. 161, 165 (407 SE2d 64) (1991) ("The construction of a contract is a matter of law for the court . . . , particularly where . . . the terms are unambiguous. It is thus a matter peculiarly well suited for adjudication by summary judgment.").

Inasmuch as we have concluded that mileage was not misrepresented, we do not reach El-Amin's remaining claims of error.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

Decided October 21, 1994 — Reconsideration dismissed November 7, 1994 and Reconsideration denied December 6, 1994 — ▮▮▮▮▮▮▮

*Allen W. Johnson,* for appellant.
*Goldner, Sommers, Scrudder & Bass, Glenn S. Bass, B. David Ladner, Alston & Bird, Alston D. Correll, James W. Hagan, Dara S. Grossinger,* for appellees.