A94A2568. NEAL v. BAKER'S LIQUOR STORE, INC.
(453 SE2d 816)

BIRDSONG, Presiding Judge.

Aubrey Neal appeals the trial court's grant of summary judgment to Baker's Liquor Store, Inc., on his claim against Baker's Liquor Store, Inc., for damages resulting from injuries he sustained when he was shot on its premises. He also contends the trial court erred by denying his motion to add a party to the case.

Neal was shot at a liquor store located at 1933 Moreland Avenue, Atlanta, Georgia, on July 23, 1991. On July 23, 1993, he filed suit against Baker's Liquor Store, Inc., and perfected service of process only on Baker's Liquor Store, Inc. In his complaint, Neal asserted that Baker's Liquor Store, Inc., owned and operated the liquor store at 1933 Moreland Avenue where he was shot. Baker's Liquor Store, Inc., answered the complaint and asserted, inter alia, that it was not a proper party to the action, and moved for summary judgment.

The motion for summary judgment was supported by the affidavit of William Baker, Sr., which stated that the affidavit was based upon his personal knowledge as the president of Baker's Liquor Store, Inc., while it was in existence. The affidavit further stated that

Baker's Liquor Store, Inc., operated a liquor store at 1933 Moreland Avenue until June 4, 1991, when the corporation and William Baker, Sr., "sold the business and all of the assets of this business to Chun Ja Yun, including the land, building and inventory. None of the shares of stock of Baker's Liquor Store, Inc., were sold to anyone else on June 4, 1991, or thereafter. . . . After June 4, 1991, neither I nor Baker's Liquor Store, Inc. had or have any ownership interest in the land, building, inventory, or business located at 1933 Moreland Avenue, Atlanta, Georgia 30316." The affidavit was supported by a closing statement and a warranty deed from Baker's Liquor Store, Inc., to Chun Ja Yun, both dated June 4, 1991, that were attached to and incorporated in the affidavit. The face of the warranty deed shows that it was filed in the office of the superior court clerk's office on June 5, 1991. Neal's response to the motion relied upon the fact that the corporate entity Baker's Liquor Store, Inc., remained in existence after June 4, 1991, and was in existence on June 23, 1991, when he was shot. Attached to the response were a business license for a "Baker's Liquor Store," effective from April 29, 1991, Chun's application for a license to sell alcoholic beverages, dated March 20, 1991, that showed that she purchased the liquor store from Baker, and also showed that the legal name of the business would be "Baker's Liquor Store," and Neal's affidavit that stated he was doing business with Baker's Liquor Store, Inc., when he was shot.

Neal was granted several extensions of time in which to respond fully to the motion for summary judgment so that he could conduct further discovery. In this period Neal took the deposition of William Baker, Sr. In his deposition Baker testified that after he sold the business to Chun, he had no dealings with either the business or the new owners.

Subsequently, Neal moved to add "Chun Ja Yun, individually and doing business as Family Beer and Wine Store, and ABC Corporation, name unknown, as party defendants" and amend the complaint to assert allegations against the new defendants. Although not then a party, Chun filed a response to the motion, asserting that she did not become aware of the action against Baker's Liquor Store, Inc., until August 19 or 20, 1993. The response was supported by affidavits attesting to these facts.

The trial court granted summary judgment to Baker's Liquor Store, Inc., and denied Neal's motion to add Chun as a party defendant. This appeal followed. *Held*:

1. The trial court did not err by granting summary judgment to Baker's Liquor Store, Inc. The standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). Here Baker's Liquor Store, Inc., moved for summary judgment based on the fact that it was not the owner of the

business or premises on which Neal was shot, and supported the motion with evidence which showed that to be true. As Neal's allegations against Baker's Liquor Store, Inc., were based upon its ownership of the premises (see OCGA § 51-3-1), Neal was obligated to "point to specific evidence giving rise to a triable issue [on whether Baker's Liquor Store, Inc., was the owner or occupier of the premises]. OCGA § 9-11-56 (e)." *Lau's Corp. v. Haskins*, supra. He did not do so. Instead, he argued various theories of law that might support a claim against a corporation under other circumstances, e.g., corporation by estoppel, etc., but he pointed to no specific evidence that would give rise to a triable issue on whether Baker's Liquor Store, Inc., owned the premises or operated the store. Indeed, the evidence he did submit clearly established that at the time he was shot the liquor store was not owned or operated by Baker's Liquor Store, Inc.

2. Although Neal's enumeration of error asserts that the trial court improperly denied and dismissed his motion to amend and add a party, Neal does not argue that the trial court improperly denied his motion on the merits. Instead, his sole argument is that the trial court erred by denying his motion without first conducting a hearing. We find no error. Under Uniform Superior Court Rule 6.3, motions in civil actions shall be decided by the court without oral hearing unless a timely written request for oral argument is submitted. Further, contrary to his contentions, these procedures did not deprive Neal of his opportunity to be heard because he had the right to request a hearing. See *Jacobsen v. Muller*, 181 Ga. App. 382 (352 SE2d 604). As the record shows that Neal did not request a hearing on his motion, there was no error.

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

Decided February 9, 1995.

*Joseph M. Todd,* for appellant.
*Mark G. Evans,* for appellee.