## A97A0831. GEORGIA FIRST BANK v. MATHIS.
(490 SE2d 439)

BEASLEY, Judge.

This appeal follows our grant of Georgia First Bank's application for interlocutory review of the trial court's denial of its motion for summary judgment. OCGA § 5-6-34 (b).

In 1994, Mathis began plans to construct a family entertainment center to include such things as a go-cart track, arcade center, and concession building. He discussed the project with personnel at Georgia First Bank and the Georgia Mountains Regional Economic Development Center which would be involved if a loan was received through the 504 program of the federal Small Business Administration ("SBA"). On August 18, he submitted a financial statement to the bank.

The bank prepared a five-page commitment letter on November 28 outlining the terms under which the bank would provide financing for the project. Mathis was required to accept it by December 10 or it would be null and void. Mathis and a representative of the bank signed the letter's acceptance page on December 1. The letter provided that the loan would be for a maximum amount of $630,000 plus fees during construction and up to $350,000 during amortization. Interest was stated to be two percent above the prime rate as published in the Wall Street Journal, to be paid during the construction period. The balance was to be amortized over no more than 15 years after construction was completed. Security for the loan was to be a first mortgage on all real property on which the project was located and a first mortgage on Mathis' primary residence. Other provisions covered environmental assessment, zoning and licensing requirements, and fees for late payments. The loan was to be closed on or before February 15, 1995.

On December 12, a letter from the bank informed Mathis that his request for a loan was denied. The bank stated several reasons, including that Mathis had committed to giving the bank a first mortgage on his residence as collateral, but that the bank understood he then intended to sell the house with only a small amount of the proceeds to be contributed to the entertainment center project. The bank also stated it understood that another lending institution held a prior lien on the residence through a home equity credit line and would not

subordinate that lien to Georgia First Bank's interest. The bank also cited that changes in the project would delay SBA review and approval, postponing the project's opening to an extent that threatened its economic viability. Further, the bank had learned that mortgage proceeds Mathis had planned to use for cost overruns and initial operating expenses had been pledged to another of Mathis' businesses since the application process began, and that financial documents Mathis provided "still contain material inaccuracies."

Mathis sued, contending that the commitment letter was a contract which the bank breached by its December 12 letter. Summary judgment for the bank is appropriate only if there is no genuine issue of material fact and the undisputed facts, viewed in the light most favorable to Mathis, warrant judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

The bank contends that its commitment letter, although signed by both parties, does not constitute a contract and cannot be enforced. Whether it is a contract or not, the bank was empowered by its terms to cancel it.

The letter contained a section entitled "Cancellation" which set forth five bases on which the bank could cancel the commitment. The bank argues that three of these provided grounds for cancellation here. The first subsection does not apply. It requires that all applicable conditions have been met to the satisfaction of the bank or its counsel, "and the loan has not been closed by the closing date." The bank contends this gives it unfettered discretion to cancel based on dissatisfaction. But the subsection imposes no requirement that specified conditions be met *before* the scheduled closing. Rather, it provides the bank may cancel if the loan conditions have not been met satisfactorily *and* the loan has not closed by the scheduled date. It does not give a right to cancel based on dissatisfaction *before* the closing date.

The second basis for cancellation refers to any representation of the borrower that is untrue or misleading. Although the bank asserts that Mathis' failure to disclose the prior lien on his primary residence in the financial statement of August 18 was such a representation, the bank's officer primarily responsible for the loan testified he knew of the lien before the bank issued the commitment letter. At that time the lien was at least $190,000, and Mathis had represented the value of his house as $600,000. As the bank issued the commitment letter knowing of the misrepresentation, and because Mathis had corrected the information, the August 18 representation is not a basis for cancellation.

The third ground for cancellation is any adverse change with respect to the project, the collateral, or other source of repayment. This did give the bank an appropriate ground for cancellation.

Although the bank knew of the lien prior to issuing the commitment letter, Mathis had informed the bank that he believed the lienor would subordinate its position. After December 1, the bank learned that the holder of the prior lien on Mathis' residence would not fully subordinate its position for the new loan but would subordinate only a portion, retaining approximately $100,000 of the credit line as a prior lien. This amount was a substantial portion of the loan and, even if the value of Mathis' residence was as he represented, would leave the bank unable to recoup the loan through foreclosure on the residence. The unavailability of full subordination adversely changed the value of the collateral.

Mathis argues that the bank's position would be unchanged if he did sell his house and used the proceeds to eliminate the prior equity credit line, putting the remainder into the entertainment center project. But the commitment letter stated that the bank's position would be secured not only by the real property at the site of the project, but also by the separate real property of Mathis' residence. The absence of this security was material, even if it could only be given to the full value of the residence less $100,000. The development of this negative factor authorized the bank to exercise its right of cancellation.

The bank was not required to give Mathis until the closing date to convince the lienor to fully subordinate its existing lien. The cancellation clause specifically stated the bank could cancel if its collateral was adversely affected "at any time prior to closing." As Mathis had supplied the bank with full financial information, it could judge whether he was in a position to pay the home equity credit line so as to provide the bank a clear first mortgage on his residence.

In denying summary judgment, the court ruled that jury issues remained as to whether any conditions set forth in the "Cancellation" section were met. Mathis does not contest that prior to the letter's issuance he told the bank full subordination was possible. He points to the affidavit of the employee of the lienor as refuting the bank's contentions concerning subordination and the amount of the prior lien, but it states only that on December 23, 1994, Mathis owed $129,109.53 on his home equity credit line. It does not reflect Mathis' finances prior to December 12 and is silent as to the lienor's position on subordination.

In sum, the evidence is uncontroverted that, after executing the commitment letter, the bank learned that full subordination would not be possible and the partial subordination would leave a material amount under a prior lien. As the bank was authorized, by the letter signed by both parties, to cancel the commitment based upon the letter's "adverse change" terms, the court erred in denying summary judgment.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

DECIDED JULY 15, 1997 —
RECONSIDERATION DENIED JULY 30, 1997 —

James D. Parks, for appellant.

Thompson, Fox, Chandler, Homans & Hicks, Joseph A. Homans, Cheryl H. Kelley, for appellee.

Long, Aldridge & Norman, W. Stell Huie, Martin, Snow, Grant & Napier, Edward J. Harrell, Robert A. Weber, amici curiae.