## A00A1840. McCONNELL HOMES, INC. v. FERIA.
(545 SE2d 87)

SMITH, Presiding Judge.

McConnell Homes, Inc. sued Albert Feria for breach of contract for failure to return $16,000 in earnest money paid pursuant to a real estate sales contract. In a two-sentence order, the trial court denied McConnell Homes' motion for summary judgment, finding that issues of fact existed. Following the grant of its application for interlocutory appeal, McConnell Homes appeals the denial of its motion for summary judgment. McConnell Homes claims that no material facts were in dispute and that it was entitled to judgment as a matter of law. We agree and reverse.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). "We review the grant or denial of a motion for summary judgment de novo, construing the evidence and all reasonable inferences therefrom in the light most favorable to the nonmovant." (Citation omitted.) *Bell v. Sasser*, 238 Ga. App. 843, 844 (520 SE2d 287) (1999).

On June 13, 1998, McConnell Homes and Feria entered into a contract for the sale by Feria to McConnell Homes of certain property located at 1287 Cumberland Road in DeKalb County. The total purchase price was $375,000, with $16,000 of the purchase price designated as a "[d]eposit to be held in trust." Feria received this $16,000 when the contract was executed. A special stipulation was attached to the contract. The stipulation provided in part:

> The earnest money of $15,000 [this was changed to $16,000 on the face of the contract] is nonrefundable to the buyer except in the event that a survey does not show that the rear parcel of land does not abut a publicly maintained street (Reeder Circle) [the record indicates that the intention of the parties was that the earnest money was refundable if the property did not abut a public street] . . . or in the event that various governmental restriction[s] will not allow the use of the property for the construction of a single family home. If any of the events takes place then this contract is voided and canceled, and the earnest money is to be refunded to the buyer.

The contract also provided a cancellation provision: "Notice of Cancellation due to the lack of access to the Reeder Circle right of way must be given within 45 days of this contract. Cancellation for other reasons must be given in 60 days of this contract."

On August 7, 1998, Dennis McConnell, president of McConnell Homes, prepared a letter to Feria stating that the sales contract was cancelled because the flood plain would preclude building on the property under existing zoning setbacks, and because the grade of the property would prohibit access to Reeder Circle. Dennis McConnell presented the cancellation notice to Feria in person on August 7, 1998, after informing him of the cancellation verbally, but Feria refused to accept the letter. McConnell Homes' attorney sent Feria an additional notice of cancellation on August 11, 1998. The second notice was transmitted to Feria by Federal Express, U. S. mail, and same-day courier service. On August 12, McConnell Homes' attorneys sent a third cancellation notice by courier and certified mail, stating that "[McConnell Homes] is voiding [the] contract based on the grounds that governmental restrictions will not allow the use of the rear portion of the property described in such contract for the construction of a single family home. . . ." Notwithstanding the notices of cancellation, Feria did not return the $16,000 deposit.

In its motion for summary judgment, McConnell Homes provided the affidavit of an architect who had inspected the property and who gave this opinion:

> When the required zoning setbacks are overlaid on the plat showing the unbuildable flood plains and buffers, there was no allowable building area. There is no area on this site to put a residential building without significant grade changes. These grade changes typically are not permitted on flood plain sites.

Feria, who has failed to file an appellee brief or a response to McConnell Homes' motion for summary judgment, filed a verified answer pro se, in which he stated that he was not notified of the cancellation of the sales contract within the required 45-day period. The sales contract was cancelled more than 45 days from its date, but the 45-day period applied only to a cancellation for lack of access to Reeder Circle. Feria also received notice of cancellation on the grounds that government restrictions would not allow the construction of a single-family home on the property, and this notice was given within the 60-day period allowed for the notice of cancellation of the sales contract "for other reasons."

Because McConnell Homes has shown by uncontroverted evidence that the sales contract was cancelled by timely notice and in accordance with its terms, Feria was in breach of the contract by refusing to return the $16,000 deposit. The trial court erred in denying McConnell Homes' motion for summary judgment. This case is remanded and the trial court is instructed to enter judgment against Feria and in favor of McConnell Homes for $16,000 in its breach of

contract claim, with interest thereon to accrue at the legal rate from August 13, 1998. The claims for expenses of litigation and attorney fees remain outstanding.

*Judgment reversed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JANUARY 24, 2001 —
RECONSIDERATION DENIED MARCH 6, 2001 — 

*Morriss & Witcher, Jeffrey Golomb,* for appellant.
Albert Feria, *pro se.*