## A01A0215. PITZER v. DILLANT.
(549 SE2d 508)

ANDREWS, Presiding Judge.

Hope Pitzer appeals from the trial court's grant of summary judgment to her mother Catherine Dillant on one count of Dillant's complaint. Pitzer also appeals the trial court's dismissal of her counterclaim against Dillant. For reasons which follow, we conclude that Pitzer introduced sufficient evidence to raise triable issues of fact on both claims; therefore, the trial court erred in granting partial summary judgment to Dillant and in dismissing Pitzer's counterclaim.

This case arose after Dillant and her daughter Irene moved into Pitzer's home, where Pitzer cared for them for approximately two years. Irene, who suffered from schizophrenia, was unable to care for herself, as was Dillant, who could not see or hear well, was unable to walk without a walker, and felt she was too old to handle her finances.

Dillant gave Pitzer a general power of attorney, and Pitzer admits she paid herself $17,317 from her mother's funds. Pitzer stated that her mother agreed to pay her $500 a month for taking care of her and Irene.[1] Pitzer paid herself $500 a month for a period of time and then increased the amount to $1,700 a month, without telling Dillant. Pitzer also acknowledges that she cashed two certificates of deposit totaling $107,000 which had previously been in her mother's name. Pitzer later returned $77,000 of that amount to Dillant.

After Dillant and Irene left Pitzer's house, Dillant brought this lawsuit, claiming Pitzer had wrongfully appropriated $175,000 from her under the power of attorney and also claiming that Pitzer failed to repay the $30,000 outstanding from the two CDs. Pitzer counterclaimed, alleging that she was entitled to payment for services and unreimbursed expenses of at least $50,000.

Dillant filed a motion for partial summary judgment, arguing that it was undisputed that Pitzer failed to return $30,000 from the money for the CDs. Dillant also moved to dismiss Pitzer's counterclaim, contending that, by her own testimony, Pitzer paid herself more than the $500 a month she says her mother agreed to pay her and, therefore, she cannot claim she is entitled to any more money.

In response, Pitzer submitted a 62-page document prepared by a certified public accountant which listed all her expenses for the period of time her mother and sister lived with her. She also submitted the CPA's affidavit which states that Pitzer's expenses exceeded her deposited income during that period by more than $36,000.

---

[1] Dillant disputes this, claiming she did not agree to pay Pitzer anything.

The trial court granted Dillant's motion for summary judgment and also granted the motion to dismiss Pitzer's counterclaim. The order gives no basis for the decision, merely stating that Dillant is granted summary judgment on her claim for the $30,000 remaining from the CDs and dismissing Pitzer's counterclaim.

On appeal from the grant of summary judgment, this Court conducts a de novo review of the record, construing the evidence and all inferences in favor of the nonmoving party. *Maddox v. Southern Engineering Co.*, 231 Ga. App. 802, 803 (500 SE2d 591) (1998). To prevail on summary judgment, the moving party must show that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Here, Pitzer has submitted evidence that her services and unreimbursed expenses exceeded the money received from her mother. Therefore, she has raised an issue of fact as to whether she owes her mother any money and, if so, exactly how much. Accordingly, partial summary judgment is not appropriate in this case, and the trial court also erred in dismissing Pitzer's counterclaim.

*Judgment reversed. Eldridge and Miller, JJ., concur.*

DECIDED MAY 24, 2001.

*David D. Rawlins,* for appellant.
*Rice & Keene, Kirk W. Keene,* for appellee.