**FIRST DIVISION**
**BARNES, P. J.,**
**DOYLE, P. J. and LAND, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 23, 2023**

# In the Court of Appeals of Georgia

A23A0318. TUCKER v. CITY OF THOMASVILLE.

LAND, Judge.

On appeal from the grant of summary judgment to the City of Thomasville in this negligence action, plaintiff Angela Tucker argues that questions of fact remain as to the City's notice of and responsibility for the pothole into which she stepped, injuring her ankle. We agree and reverse.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c)." *Lau's Corp. v. Haskins*, 261 Ga. 491, 491 (405 SE2d 474) (1991). We review a grant of summary judgment de novo to determine whether "the requirements of OCGA § 9-11-56 (c) have been met."

*Cowart v. Widener*, 287 Ga. 622, 624 (1) (a) (697 SE2d 779) (2010). Thus viewed in favor of Tucker, the record shows that at around 6:00 a.m. on the morning of April 28, 2018, Tucker drove to a hair salon at 1002 Lester Street in Thomasville, arriving while it was still dark. She parked her car on the street and walked into the salon. After a few minutes inside, she came back out to retrieve her cell phone charger and stepped off the curb and into a pothole, which had developed around a water valve box a short distance from the curb. Tucker required surgery to repair her ankle.

In March 2012, or more than six years before Tucker's fall, the City had received a report (as quoted from its own log) of a "[p]othole . . . in front of 1002 Lester Street," including the note that a woman had "already" broken her ankle there. In February 2015, a second woman stepped into the same pothole, breaking her ankle. This woman notified the City of her injury, but the City took no steps to repair the pothole either before or afterward.

Tucker filed this negligence action against the City and its mayor. In response to a request for admission that Tucker "was not the first person to fall where she did near 1002 Lester Street," the City conceded that Tucker was not "the first person to report a fall on Lester Street," but that "[a]fter reasonable inquiry" it was "without sufficient information to admit or deny the remaining matter[.]"

2

After Tucker dismissed the mayor as a defendant, the City moved for summary judgment, arguing that Tucker had at least equal knowledge of the pothole because it had not received actual or constructive notice of that defect. The City also argued that Tucker's own lack of care made her responsible for her injury as a matter of law. After a February 2022 hearing, Tucker filed a supplemental brief and attached an affidavit from the second woman who had stepped into the pothole. In April 2022, the trial court granted the City summary judgment, finding "no evidence" that the City was negligent or had actual or constructive notice of the pothole, or that Tucker "took efforts to exercise greater caution for her own safety considering the diminished lighting at the scene." The trial court also held that the second woman's affidavit, "though untimely filed, does not create a question of material fact" as to notice.

On appeal, Tucker argues that the trial court erred in granting summary judgment because questions of fact remain as to the City's notice of the pothole as well as her own responsibility for her ankle injury. We agree.

The extent of municipal responsibility for defects in public roads is stated in OCGA § 32-4-93 (a), which provides:

> A municipality is *relieved of any and all liability* resulting from or occasioned by defects in the public roads of its municipal street system

3

*when it has not been negligent* in constructing or maintaining the same or *when it has no actual notice* thereof or *when such defect has not existed for a sufficient length of time for notice thereof to be inferred*.

(Emphasis supplied.) See *City of Suwanee v. Padgett*, 364 Ga. App. 34, 36-37 (3) (873 SE2d 712) (2022) (OCGA § 32-4-93 (a) "also applies to sidewalks") (citation and punctuation omitted).

As a preliminary matter, we note that the trial court was not obligated to consider the second woman's affidavit, which was filed without prior approval after the hearing on the City's motion and which the trial court expressly declared to be "untimely." See OCGA § 9-11-56 (c) ("prior to the day of hearing," a non-movant "may serve opposing affidavits"); *Rose v. Rollins*, 167 Ga. App. 469, 470-471 (1) (306 SE2d 724) (1983) (affirming the exclusion of an affidavit filed with a supplemental brief after a summary judgment hearing as "not timely" when the record supported that characterization).

In any event, however, the City's own log showed that its employees or agents had notice of a pothole "in front of 1002 Lester Street" as early as March 2012, or well before the incident at issue.

Constructive notice of a defect may be imputed through the knowledge of the city's employees or agents, or may be shown by testimony as to

4

how long the defect existed prior to the injury, objective evidence that the defect existed over time, or evidence that others were injured as a result of the same condition over a period of years. The question of constructive notice ordinarily is for the jury, except in the absence of any evidence of constructive notice that could create a fact question, and in such an instance, the issue of negligence is a matter of law. Further, the length of time a defect must exist in order for an inference of notice to arise is ordinarily a jury question.

(Citation and punctuation omitted.) *Mayor and Aldermen of City of Savannah v. Herrera*, 343 Ga. App. 424, 431 (808 SE2d 416) (2017); see also *Clark v. City of Atlanta*, 322 Ga. App. 151, 153 (744 SE2d 122) (2013).

Because this record presents a question of fact as to the City's actual or constructive notice of the defect that caused plaintiff's injury years before that injury, the trial court erred when it granted summary judgment to the City. See *City of Savannah*, 343 Ga. App. at 430-431 (questions of fact remained as to whether a tree in a city right-of-way was a "defect" for purposes of OCGA § 32-4-93 and as to whether the city had notice of that defect). Compare *City of Atlanta v. Dale*, 353 Ga. App. 817, 819 (840 SE2d 56) (2020) (reversing the denial of a city's motion for directed verdict when there was no evidence that the a city was chargeable with knowledge of a deteriorated manhole cover). The same is true of the question of

5

plaintiff's knowledge and alleged contributory negligence, issues which are also reserved for the jury, because the evidence outlined above, including the fact that this incident occurred during the early morning hours when visibility was diminished, does not show that "plaintiff's knowledge of the risk and lack of due care [was] clear and palpable." *City of Savannah*, 343 Ga. App. at 434 (3).

*Judgment reversed. Barnes, P. J., and Doyle, P. J., concur*.